UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  1:19-cv-1301-RLM
VANESSA WICKHAM,

                            Plaintiff,                           **ATTORNEY DECLARATION**
- against -                                                       **IN SUPPORT**

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

                            Defendant.
------------------------------------------------------------------------X

       SALVATORE J. DeSANTIS, pursuant to 28 U.S.C. §1746, declares and states:

       1.       I am an attorney duly admitted to practice law before the United States District Court for the Eastern District of New York, and respectfully declare the following:

       2.       I am a principal in the law firm of MOLOD SPITZ & DeSANTIS, P.C., attorneys for the Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, in the above-captioned action. As such, I am fully familiar with the above-captioned action and the relief sought herein through the file maintained by this office and the associated investigation of the matter.

       3.       This Declaration is submitted in Support of the Defendant's PHILADELPHIA INDEMNITY INSURANCE COMPANY ("Philadelphia") Motion, pursuant to FRCP 12(c), seeking an Order dismissing the entire Amended Complaint for failing to meet the Policy conditions precedent and, if not the entire action, dismissing plaintiff's Second *and* Third Claims for Relief, alleging tortious conduct and violations of GBL § 349, respectively, because plaintiff has not sufficiently pled conduct distinct from the alleged breach of the Policy and because she has not sufficiently pled deceptive practices under the statute.

4. Defendant initially sought permission to file a motion to dismiss the Second, Third and Fourth Causes of Action in the initial complaint (filed in the Southern District). After a pre-motion conference held on June 13, 2019 the Court issued an order to eliminate or at least narrow the motion to dismiss. In the Amended Complaint filed June 18, 2019 (*Document 24*), plaintiff deletes the allegations in the "Third Claim for Relief" (regarding alleged tortious conduct) and Plaintiff's prior "Fourth Claim for Relief" (alleging violations of GBL ¶349) is now the "Third Claim for Relief." From the previous "Fourth" to the present Third," Plaintiff removed paragraph 40 alleging "fraud upon the public" and the claim of "fraud" in paragraph 41. To the "Underlying Facts" plaintiff inserts additional allegations at paragraph 20, now alleging it provided certain materials and that defendant "yet failed to adjust" despite Defendant having no obligation to do so. To buttress her New York General Business Law § 349 claim, plaintiff adds a new paragraph 37 that contains six (6) other cases against Philadelphia, alleging that from her attorney's "cursory search of the New York State Court Docket" these cases support a showing of legally sufficient pleadings for a GBL §349 cause of action. However, a review of the 6 cases compels the opposite conclusion.

**THIS ACTION IS A CONTRACT CLAIM**.

5. This action is brought by plaintiff seeking Supplemental Underinsured Motorist ("SUM") benefits *in lieu of* arbitration[1] under a commercial policy of insurance (the "Policy") issued to Breaking Ground Housing Development Fund Corporation ("Breaking Ground") by Defendant Philadelphia and arising out of a two-vehicle motor vehicle accident that occurred on or about October 23, 2016 (the "accident"). A copy of the Philadelphia Policy is appended as **Exhibit A**.

---

[1] Under the New York Insurance Law, the covered person in a non-minimal coverage situation can opt to litigate for SUM benefits in lieu of arbitration. N.Y. Comp. Codes R. & Regs. Title 11 (1999), §60-2 (Regulation 35-D).

2

6. The Philadelphia Policy contains certain conditions that must be satisfied before plaintiff is entitled to any of the Policy's SUM benefits, as follows:

> **[S]ubmit to an examination under oath**. *Id. p. 3, §2* ("*Notice and Proof of Claim*").
>
> **[S]ubmit to physical examinations by physicians we select and as often as we may reasonably require** *Id*.
>
> **Exhaustion Required[.]** [except for §"10." regarding advances] we will pay under this SUM converge only after the limits of all liability have been used up under all motor vehicle bodily injury liability insurance policies […]. *Id. p. 4, §9*.
>
> **Release or Advance[.]** An insured shall not otherwise settle with any negligent party, without our written consent, such that our rights would be impaired. *Id. p. 4, §10*.
>
> **Arbitration[.]** If any insured making claim under this SUM Coverage and **we do not agree** that such insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, or **do not agree** as to the amount of payment that may be owing under this SUM coverage, then, at the option and upon written demand of such insured, the matter or matters upon which such insured and we **do not agree** shall be settled by **arbitration**, administered by the American Arbitration Association, pursuant to procedures prescribed or approved by the Superintendent of Financial Services for this purpose. (emphasis added) *Id. p. 4, §12*.

7. Despite plaintiff failing to meet the Policy Conditions by not submitting to an examination under oath and a physical examination, the plaintiff commenced this action in lieu of arbitration only eighteen (18) <u>days</u> after the Stipulation of Discontinuance was filed in court in the underlying action. If it was not for the fortuitous fact that plaintiff was driving her employer's vehicle that happened to have SUM coverage, plaintiff would have had no further recourse. Fortunately for plaintiff, she is a third-party beneficiary of the contract between her employer and Philadelphia. Under the Policy, plaintiff has only two choices if Philadelphia and she do not agree on the damages. She could take the faster approach and file for Arbitration or she could file a plenary action. The Amended Complaint at best pleads <u>only</u> a breach of contract

3

claim for SUM benefits under the Policy (First Claim for Relief). It is submitted that this claim does not even ripen to a breach until plaintiff satisfies the conditions in the policy and proves that she sustained serious injuries in excess of $100,000.

8. The Amended Complaint does not sufficiently demonstrate that plaintiff has satisfied the Policy conditions precedent, or plead the two (2) other causes of action, alleging tortious conduct (the "Second Claim for Relief") and violations of GBL §349 (the "Third Claim for Relief"), requiring dismissal of these pleadings pursuant to FRCP 12(c) and 12(d). As amplified in the Defendant's Memorandum of Law, these causes of action are not plausible.

### THE UNDERLYING ACCIDENT AND LAWSUIT.

9. At the time of the accident, Plaintiff was an employee of Breaking Ground and she was operating the Breaking Ground-owned motor vehicle in the course and scope of her employment.[2]

10. At the time of the accident, the adverse vehicle was owned and operated by Francis P. Maruna and Alan Maruna (the "Maruna Defendants").

11. At all times relevant, the Maruna Defendants were covered for motor vehicle accident-related claims by a policy afforded by the Safeco Insurance Company ("Safeco"), providing bodily injury coverage limit of $100,000 per person/per accident (policy number K3027533). *Amended Complaint ¶14.*

12. On November 10, 2016, Plaintiff commenced an action against the Maruna Defendants, in Supreme Court, Kings County, *Vanessa Wickham v. Francis P. Maruna, et al.*, Index No. 519906/2016 (the "underlying action") alleging, *inter alia*, that as a result of the negligence of the Maruna Defendants, plaintiff sustained "serious injuries as defined by the No-

---

[2] As such, plaintiff maintains an associated Worker's Compensation claim in lieu of no-fault (State Insurance Fund File No. 6895 6523-321).

4

Fault Insurance Law of the State of New York." *Complaint ¶9*. A copy of the underlying action's Summons and Complaint is appended as **Exhibit B**.

13. On January 13, 2017, issued was joined by the filing of the Maruna Defendants' Answer, *inter alia,* denying that plaintiff's injuries were caused by the negligence of the Maruna Defendant's and denying that plaintiff sustained "serious injuries as defined by the No-Fault Insurance Law of the State of New York" as alleged in the Complaint. *Answer ¶¶3-4*. A copy of the Maruna Defendants' Answer is appended as **Exhibit C**.

14. On January 9, 2018, plaintiff filed the Note of Issue in the underlying action, indicating in the attached Certificate of Readiness that discovery was completed. A copy of the Note of Issue and Certificate of Readiness is appended as **Exhibit D**. However, on the same day, Justice Martin Schneier issued Final Pre-Note Order providing that the independent medical examinations ("IMEs") were still outstanding. A copy of Justice Schneier's Order (entered January 10, 2018) is appended as **Exhibit E**.

15. Coverage under the policy is excluded and does not apply per Exclusion 3, "for non-economic loss, resulting from bodily injury to an insured and arising from an accident in New York State, unless the insured has sustained serious injury as defined in Section 5102(d) of the New York Insurance Law." In the underlying action, there was never an admission, order or judicial determination that plaintiff sustained a "serious injury" under the No-Fault Threshold pursuant to Insurance Law §5102(d).

16. On January 7, 2019, following the Defendant's consent, Safeco Insurance paid plaintiff (via her attorneys) the limits of its underlying policy ($100,000). See, *Amended Complaint; Exhibit C - Document No. 24-3*. It took over twenty-six (26) months from the date of

5

the accident until the day of payment for plaintiff to recover the full amount of the underlying policy.

17. Also, the associated Stipulation of Discontinuance, with prejudice, was filed with the court on February 7, 2019, taking the parties to the underlying action another twenty (27) days to finalize the underlying action. A copy of the court-filed Stipulation of Discontinuance is appended as **Exhibit F**.

## RELEVANT PROCEDURAL HISTORY OF THIS ACTION.

18. On February 20, 2019, plaintiff commenced the instant action in the Southern District of New York, <u>choosing</u> litigation *in lieu of* arbitration under the Defendant's SUM policy provisions (*Policy, Exhibit A, supra*), and without an examination under oath or physical examination having been held. A copy of the plaintiff's initial Summons and Complaint is appended as **Exhibit G**.

19. Following the Order of Judge Analisa Torres dated February 26, 2019, the action was transferred *from* the Southern District of New York *to* the Eastern District of New York on the basis of venue.

20. On April 12, 2019, the Defendant's Answer was filed within the parties' stipulated timeframe. A copy of the Defendant's Answer is appended as **Exhibit H.**

21. On June 13, 2019, a pre-motion conference was held pursuant to Hon. Mann's *Rule III.B.1*.

22. On June 18, 2019, plaintiff filed the Amended Complaint. A copy of the Amended Complaint along with its associated Exhibits is appended as **Exhibit I**.

23. On June 27, 2019 the Answer to the Amended Complaint was filed. A copy of the Answer to the Amended Complaint is appended as **Exhibit J**.

## THE SECOND AND THIRD CLAIMS FOR RELEIF MUST BE DISMISSED.

24. Although this is a contract action *in lieu of* arbitration, the Amended Complaint seeks damages in three (3) causes of action entitled "Claims for Relief."

25. Plaintiff's **First Claim for Relief** seeks damages under the SUM policy for defendant's alleged breach of contract. Defendant has no issue with this cause of action. *Amended Complaint ¶¶25 – 27*.

26. Plaintiff's **Second Claim for Relief** seeks damages for Defendant's alleged tortious conduct and for breaching the covenant of good faith and fair dealing. *Amended Complaint ¶¶28 – 31*. The Second Claim cannot stand because plaintiff's action is exclusively grounded in the alleged breach of the Policy.

27. Plaintiff's **Third Claim for Relief** seeks damages for Defendant's alleged violations of New York General Business Law §349, claiming a pattern of consumer–oriented deception allegedly shown by a "cursory search of the New York State Court docket since 2018 [that] indicates that there are numerous ongoing matters against Defendant involving the same or similar facts alleging that Defendant refuses to pay underinsured/uninsured motorist coverage benefits in the State of New York." Plaintiff incorporates the titles of six (6) pending lawsuits[3] *as part of* this Third Claim for Relief. *Amended Complaint ¶¶32 – 42*.   A review of the

---

[3] The cited actions are as follows:

(1) *Americo Paolucci v. Philadelphia Indemnity Insurance Company et al.*, Sup. Ct., Erie Cty, Index No. 800822/2018;
(2) *Andrea Cornachio v. Philadelphia Indemnity Insurance Company*, Sup. Ct., Bronx Cty., Index No. 22039/2018E;
(3) *Bonnie R. Schreiber v. Philadelphia Indemnity Insurance Company et al.*, Sup. Ct., Suffolk Cty., Index No. 616641/2018;
(4) *Miguel Abad v. Philadelphia Indemnity Insurance Company et al.*, Sup. Ct., Bronx Cty., Index No.23068/2018E;
(5) *Sidartha G. Persaud v. Philadelphia Indemnity Insurance Company*, Sup. Ct., Qns. Cty., Index No. 712222/2018; and
(6) *Tracie L. Zajac. v. Philadelphia Indemnity Insurance Company*, Sup. Ct., Erie Cty., Index No. 802584/2019.

associated, publicly available pleadings shows that plaintiff's use of their existence is extremely misleading. None of the six cases cited support the Third Claim for Relief. Rather the plaintiffs in each one of the cases are solely seeking benefits pursuant to the SUM endorsement of the Philadelphia policy. A copy of each of the associated six (6) complaints is appended as **Exhibits K1 – K6**.

28. As set forth in the associated Defendant's Memorandum of Law, pursuant to FRCP 12(c), the entire Amended Complaint should be dismissed until the conditions precedent in the Policy are met. Further, the Second Claim for Relief (*i.e.*, tortious conduct) and Third Claim for Relief (*i.e.*, violations of GBL §349) on the grounds that they fail to adequately plead their stated causes of action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 12th day of July 2019.

>Respectfully,
>*S/ Salvatore J. DeSantis*
>Salvatore J. DeSantis
>
>MOLOD SPITZ & DeSANTIS, P.C.
>**Attorneys for Defendant**
>**PHILADELPHIA INDEMNITY**
>**INSURANCE COMPANY**
>1430 Broadway, 21st Floor
>New York, NY 10018
>Tel: (212) 869-3200
>Email: sdesantis@molodspitz.com
>Our File: PHIC-889

To:

Thomas Miller, Esq.
Jaroslawicz & Jaros, LLC
**Attorneys for Plaintiff**
225 Broadway, 24th Floor
New York, NY 10007
Tel: 212-227-2780
Email: tmiller@lawjaros.com