UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X  1:19-cv-01301-RLM
VANESSA WICKHAM,

                               Plaintiff,                     **DEFENDANT'S**

       - against -                                          **<u>MEMORANDUM OF LAW</u>**


PHILADELPHIA INDEMNITY INSURANCE COMPANY,

                               Defendant.
-----------------------------------------------------------------------X

## I.  PRELIMINARY STATEMENT

Pursuant to FRCP 12(c), Defendant Philadelphia Indemnity Insurance Company ("**Philadelphia**") is entitled to a dismissal of the Amended Complaint for failing to meet the policy conditions precedent and, if not the entire action, dismissal of plaintiff's Second and Third Claims for Relief, alleging tortious conduct and violations of GBL §349, respectively, because plaintiff has not sufficiently pled conduct distinct from the alleged breach of the Policy and because she has not sufficiently pled deceptive practices under the statute.

## II.  STATEMENT OF FACTS

### A.  Plaintiff seeks contractual SUM insurance benefits in lieu of arbitration.

Plaintiff commenced this action by filing her Complaint on February 20, 2019, seeking Supplemental Underinsured Motorist ("SUM") benefits *in lieu of* arbitration under a commercial policy of insurance (the "Policy") issued to Breaking Ground Housing Development Fund Corporation ("Breaking Ground") by Philadelphia, based upon alleged injuries sustained in a two-vehicle motor vehicle accident that occurred on or about October 23, 2016 (the "accident"). <u>See</u> *DeSantis Declaration at para. 19*. In response thereto, on April 12, 2019, Defendant

interposed its initial Answer with Affirmative Defenses (the "initial Answer"). See *DeSantis Declaration at para. 21*.

### B. The Amended Complaint was filed June 18, 2019.

On June 18, 2019, plaintiff filed her Amended Complaint (*Document 24*) containing the Second and Third Claims for Relief at issue. See *DeSantis Declaration at para. 23.* Defendant interposed its Answer to the Amended Complaint with Affirmative Defenses (the "Answer") on June 18, 2019.  See *DeSantis Declaration at para. 24.*

### C.  Plaintiff's underlying, action Supreme Court, Kings County action was commenced on November 10, 2016 and was finalized on February 2, 2019.

On November 10, 2016,[1] plaintiff commenced an action against the Maruna Defendants, in Supreme Court, Kings County, entitled *Vanessa Wickham v. Francis P. Maruna, et al.*, Index No. 519906/2016 (the "underlying action") alleging in her Complaint (the "underlying Complaint"), *inter alia*, that as a result of the negligence of the Maruna Defendants, plaintiff sustained "serious injuries as defined by the No-Fault Insurance Law of the State of New York." See *DeSantis Declaration at para. 13*; *underlying Complaint ¶9*.

On January 13, 2017, issued was joined by the filing of the Maruna Defendants' Answer (the "underlying Answer"), *inter alia,* denying that plaintiff's injuries were caused by the negligence of the Maruna Defendant's and denying that plaintiff sustained "serious injuries as defined by the No-Fault Insurance Law of the State of New York" as alleged in the underlying Complaint.  See *DeSantis Declaration at para. 14; underlying Answer ¶¶3-4.*

---

[1]  Prior to the underlying accident/action, plaintiff brought a lawsuit arising from a slip and fall accident that occurred on May 28, 2012, and was represented by the same law firm (Jaroslawicz & Jaros PLLC). *Wickham v. Boro Park Land Co., LLC*, Supreme Court, Kings County, Index No. 21812/12.

On January 9, 2018, plaintiff filed the Note of Issue in the underlying action, indicating in the attached Certificate of Readiness that discovery was completed.  See *DeSantis Declaration at para. 15*.

Also on January 9, 2018, Justice Martin Schneier issued a Final Pre-Note Order providing that the independent medical examinations ("IMEs") were still outstanding. See *DeSantis Declaration at para. 15*.

On January 7, 2019, having received Philadelphia's consent, Safeco paid plaintiff its policy limits of $100,000 to resolve the underlying action.  See *DeSantis Declaration at para. 15. See also, Amended Complaint; Exhibit C - Document No. 24-3*.

On February 7, 2019, the underlying action was finalized when the Maruna Defendants' Counsel (Correia, King, Fodera, McGinnis & Lieriedge) Court-Filed the associated Stipulation of Discontinuance with prejudice (*NYSCEF DOC NO. 30*), finally ending the underlying action. See *DeSantis Declaration at para. 15*.

Eleven (11) days after the underlying action was finalized, on February 18, 2019, plaintiff commenced this action in the Southern District. See *DeSantis Declaration at para. 19*.

## III. ARGUMENT

### A.  GROUNDS FOR THE RELIEF SOUGHT.

As amplified below, Plaintiff has failed to meet the conditions precedent to filing suit against Philadelphia pursuant to the terms of the SUM endorsement to the Policy, and accordingly the instant lawsuit is barred in its entirety.  Furthermore, Plaintiff's last two (2) causes of action, alleging tortious conduct (the "Second Claim for Relief") and violations of GBL §349 (the "Third Claim for Relief"), require dismissal pursuant to FRCP 12(c) because

they are not sufficiently pled and, in any event, are not supported by the allegations stated in the Amended Complaint. These causes of action are not plausible.

## B. STANDARD OF REVIEW

### 1. FRCP 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FRCP 12(c). The legal standards applicable to a FRCP 12(c) motion are the same as those applied to a FRCP 12(b)(6) motion to dismiss. *Bank of New York v. First Millennium, Inc*., 607 F.3d 905, 922 (2d Cir. 2010). To survive a FRCP 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). In evaluating a FRCP 12(b)(6) motion, the Court must accept all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Id*. *at 679*.

### 2. CONCLUSORY ALLEGATIONS IN A COMPLAINT ARE INSUFFICIENT.

The inference is far from the end of the Court's analysis. It is "well settled that conclusory allegations merely stating general legal conclusions necessary to prevail on the merits of a claim, unsupported by factual averments will not be accepted as true." *ECOR Solutions, Inc. v. Malcolm Pirnie, Inc*., No. 02 Civ. 1103, 2005 U.S. Dist. LEXIS 42993, 2005 WL 1843253, at p.3 (N.D.N.Y. July 29, 2005). On FRCP 12(b)(6) motions, the court must assess the legal feasibility of the complaint and whether a plaintiff pleaded claims for which he or she is entitled to discovery. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). Accordingly, the Supreme Court has held that a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (emphasis added) *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In determining sufficiency of a complaint, in *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court held that courts should entertain a motion to dismiss by following a two-pronged approach: [First] a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. [Second,] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

### 3.  THE COURT IS ENTILED TO CONSIDER FACTS, DOCUMENTS AND INFORMATION  INTEGRAL TO THE COMPLAINT.

The Courts note that in adjudicating a motion to dismiss, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, [and] (4) ... facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co*., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), aff'd in part and rev'd in part on other grounds <u>sub nom</u> *Lentell v. Merrill Lynch Co.*, 396 F.3d 161 (2d Cir. 2005); <u>see also</u>, *Taylor v. Vt. Dep't of Educ*., 313 F.3d 768, 776 (2d Cir. 2002).

### 4.  A PLEADING OFFERING LABELS AND CONCLUSIONS OR A FORMULAIC  RECITATION OF THE ELEMENTS OF A CAUSE OF ACTION IS INSUFFICIENT.

Particularly applicable in the case at bar, in *Iqbal*, <u>supra</u>, the Supreme Court cautioned that:

> A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  *Iqbal*, 556 U.S. at 678 (internal citations omitted) <u>quoting</u> *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

And recently, in *Fischer v. Brushy Mt. Bee Farm, Inc*., 2019 U.S. Dist. LEXIS 30353, *23, 2019 WL 935957 the Court utilized the principles of *Iqbal*, in further cautioning that "[c]ourts must not 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" (emphasis added) *Fischer,* supra, <u>citing</u> *Iqbal*, 556 U.S. at 678-79.


### C.  THE FIRST CLAIM FOR RELIEF CLAIMING ENTITLEMENT TO SUM BENEFITS IS PRECLUDED BY THE TERMS OF THE PHILADELPHIA POLICY.

There are two mechanisms under New York Law pursuant to which an insured under an auto policy may trigger SUM coverage. First, the insured may demand arbitration before the American Arbitration Association.  The SUM Endorsement to the Policy states as follows:

**12.     Arbitration**

> If any insured making claim under this SUM coverage and [Philadelphia does] not agree that such insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, or do not agree as to the amount of payment that may be owing under this SUM coverage, then, at the option and upon written demand of such insured, the matter or matters upon which such insured and we do not agree shall be settled by arbitration, administered by the American Arbitration Association, pursuant to procedures prescribed or approved by the Superintendent of Financial Services for this purpose.

*Policy, Exhibit "D" to Amended Complaint, at p. 4, ¶12 (also Defendant's Exhibit A).*

Plaintiff elected *not* to demand arbitration with respect to her claim that she is entitled to SUM benefits.  Instead, Plaintiff elected to file suit directly against Philadelphia, not only seeking SUM benefits under the Policy, but also seeking extra contractual damages, including attorneys' fees, for being "required to incur unnecessary expenses for attorney's fees and disbursements."  However, the Policy includes an express condition precedent that precludes any action against Philadelphia until an insured has complied with all of the terms of SUM coverage form under the policy.  The SUM endorsement to the Policy includes the following condition:

**15.    Action Against Company**

No lawsuit shall lie against [Philadelphia] unless the insured or the insured's legal representative has first fully complied with all the terms of this SUM coverage.

*Policy, Exhibit "D" to Amended Complaint, at p. 5, ¶15.*[2]

The Conditions section of the SUM endorsement includes several conditions precedent to coverage under the SUM endorsement, including several which Plaintiff has not yet met. The SUM endorsement Conditions require that Plaintiff "submit to examinations under oath," submit to physical examination by physicians selected by Philadelphia  and authorize Philadelphia to obtain relevant medical records.  Policy, Exhibit "D" to Amended Complaint, at p. 4, ¶2, 3.  By letter dated May 9, 2017, Philadelphia requested that Plaintiff provide all medical records, all hospital records, all Workers' Compensation records and all wage loss records.  Philadelphia also requested that Plaintiff submit to an Examination Under Oath ("EUO") and an Independent Medical Examination ("IME"). To date, Plaintiff has *not* completely provided sufficient medical

---

[2] We note that Plaintiff omitted page 5 of 5 of the New York Supplementary Uninsured/Underinsured Motorists Endorsement in its Exhibit "D" to the Amended Complaint.  This is the page which includes the prohibition on filing suit against Philadelphia.

records and authorizations, nor has she submitted to an IME or an EUO.  Accordingly, Plaintiff

has not satisfied the conditions precedent to filing suit under the SUM endorsement.

Because the Plaintiff has not satisfied the conditions precedent to coverage under the

SUM endorsement, the instant lawsuit is prohibited pursuant to the terms of the Policy.

Accordingly, the instant lawsuit must be dismissed in its entirety, without prejudice to refile the

complaint if Plaintiff ultimately satisfies the conditions precedent to filing suit against

Philadelphia.  Plaintiff's only extant remedy at the present is to demand arbitration before the

American Arbitration Association.  There are no similar conditions precedent to demanding

arbitration.

### D.  THE SECOND CLAIM FOR RELIEF ALLEGING BREACH OF THE CONVENANT OF GOOD FAITH AND FAIR DEALING, TO THE EXTENT THE COMPLAINT SEEKS DAMAGES BEYOND THE POLICY LIMITS, MUST BE DISMISSED.

Without basis, plaintiff's "Second Claim for Relief" seeks to obtain *more than*

contractual SUM Policy benefits. *Amended Complaint ¶¶28 – 31*. Plaintiff therein alleges:

> Defendant was reckless, careless and negligent in breaching the duty to
> investigate and pay Plaintiff's claim in good faith and refusing to make payment
> pursuant to the terms of the underinsurance provisions of the insurance contract,
> in failing to respond to plaintiff, in forcing plaintiff to be deprived of the
> insurance proceeds to which she is entitled, in failing to pay the claim within a
> reasonable time, and Defendant has violated the insurance contract and breached
> the covenant of good faith and fair dealing by not investigating and paying in
> good-faith the underinsurance benefits to which she is entitled. (emphasis added)
> *Amended Complaint ¶29.*

As a result, plaintiff claims damages for "unnecessary expenses for attorney's fees, […]

disbursements, […] lost interest on the money and [for being] otherwise damaged, all of which

damages were reasonably foreseeable." *Amended Complaint ¶¶30 – 31.*

8

The seminal case in New York for allowing extra contractual damages from an insurance company is *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.,* 10 N.Y.3d 187, (NY 2008). In *Bi-Economy* the plaintiff-insured had purchased business interruption insurance for its family-owned business, seeking coverage for fire-related physical damage. Reversing the lower court, the Court of Appeals held that the insured could properly seek consequential damages for the collapse of its business, because the insurer should have been aware that any breach of its obligations to investigate in good faith and pay covered claims promptly would result in damages to the insured for business losses as a result of the breach. Thus, the claim for consequential damages was reasonably foreseeable and contemplated by the parties. *Id*.

In the case at bar, nothing could be further than what happened in *Bi-County*. Plaintiff (Ms. Wickham) is *not* the Philadelphia Policyholder; nor did she purchase any part of the Policy. She is merely a covered person who was employed by Breaking Ground, the entity that fortuitously obtained, at its expense, an insurance policy that provided potential SUM benefits. Also, unlike the plaintiff in *Bi-Economy*, who actually purchased the business interruption insurance to hedge against business losses arising out of physical damage, Ms. Wickham has not suffered *any* loss relating to the perceived or alleged delay in receiving an offer on her SUM claim. In fact, she has already received workers' compensation benefits in lieu of no-fault and then collected a $100,000 settlement from Safeco. There is nothing in the pleadings to suggest that Ms. Wickham suffered any loss as a result of any claimed breach of the covenant of good faith and fair dealing.  Plaintiff has not plausibly alleged a claim sufficient to warrant a claim for more than the Policy's contractually available SUM damages in her Second Claim for Relief.

Plaintiff's claim for additional damages also fails because the allegation of "breach of the implied covenant of good faith and fair dealing" should be dismissed on the grounds that it is duplicative of  plaintiff's breach of contract claim (the "First Claim for Relief").  In *Harris v. Provident Life & Accident Ins. Co*., 310 F.3d 73 (2d Cir. 2002), the Court held that New York does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled. *Id., 81;* see, *Doyle v. Mastercard Int'l Inc*., 700 Fed. Appx. 22, 2017, U.S. App. LEXIS 12022, 2017 WL 2874528; *Rozenzweig v. ClaimFox, Inc*., 251 F. Supp. 3d 449, 455, 2017 U.S. Dist. LEXIS 62085, 97 Fed. R. Serv. 3d (Callaghan) 859; *Gutierrez v. Government Employees Ins. Co*., 136 A.D.3d 975, 976; 25 N.Y.S.3d 625, 627 (2d Dep't 2016); *Orman v. GEICO General Ins. Co*., 37 Misc.3d 1227(A), *10 (Sup. Ct. 2012).  Further, "under New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract." *Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992) (internal quotation marks and citations omitted). See, *ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 243-44 (S.D.N.Y. 1997)("A claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract.")(internal quotation marks omitted).

Accordingly, plaintiff's redundancy does not permit further damages in the Second Claim for Relief and must be dismissed in that regard.

Finally, as set forth *supra* in Section C, we note that in instances where Philadelphia and an insured do not agree that an insured is entitled to SUM benefits, the insured may either demand arbitration or sue Philadelphia once all conditions precedent are met.  These remedies

are contemplated by the terms of the policies.  Extra contractual damages resulting from a "breach of the covenant of good faith and fair dealing" may only be asserted in an insurance contract context so long as the damages were "within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.  *Panasia Estates, Inc. v. Hudson Ins. Co.*, 886 N.E.2d 135, 137, 10 N.Y.3d 200, 203 (N.Y. 2008).   The attorneys fees and costs paid by Plaintiff in attempting to obtain SUM benefits under the Philadelphia Policy are not the result of any breach by Philadelphia.  Instead, the parties to the Policy contemplated that such arbitration or litigation would be necessary in *any* instance in which the parties cannot agree on SUM coverage.   The costs to arbitrate or litigate cannot, as a matter of law, constitute consequential damages of a breach.   In a SUM claim, the insurer has every right to dispute the claim and the Policy mandates what Plaintiff's legal remedies are.  This does not support, as a matter of law, a claim for "bad faith" extra contractual damages.

Accordingly, Plaintiff's Second Claim for Relief should be dismissed.

### E. THE THIRD CLAIM FOR RELIEF ALLEGING A VIOLATION OF GBL §349 IS FACIALLY DEFECTIVE.

In her Third Claim for Relief, plaintiff seeks, *inter alia*, treble damages for Defendant's alleged violations of New York General Business Law ("GBL") §349. *Amended Complaint ¶¶32 – 42.*  The defendant's alleged violations are pleaded as follows:

> "deceptive acts and practices" (*Amended Complaint ¶35*); "Upon information and belief, the Defendant follows a pattern and scheme of refusing to pay under-insurance benefits on policies that provide underinsured/uninsured motorist coverage policy limits of $1,000,000 or more" (*Amended Complaint ¶36*); "Defendant routinely refuses to pay under-insurance benefits without any legitimate basis […]"(*Amended Complaint ¶37*); "Even a cursory search of the New York State Court docket since 2018 indicates that there are numerous ongoing matters against Defendant involving the same or similar facts alleging that Defendant refuses to pay underinsured/uninsured motorist coverage benefits in the State of New York[3] […]"(*Amended Complaint ¶37*); "Defendant

---

[3] The cited actions are as follows:

anticipates that most persons will go away […]"(*Amended Complaint ¶38*); "Upon information and belief, Defendant targets individuals that qualify as insured persons under automobile policies which provide underinsured/uninsured coverage of $1,000,000 or more." (*Amended Complaint ¶39*); "Defendant's deceptive acts and practices were consumer oriented […]" (*Amended Complaint ¶40*); "As a consumer of Defendant's business or provisions of services, Plaintiff was deceived and injured by Defendant's deceptive acts and practices […]" (*Amended Complaint ¶41*); "Defendant's conduct is in bad faith [… and] in violation of Section 349"[4] (*Amended Complaint ¶42*).

As shown, the entire cause of action is implausible.

General Business Law §349 is intended to protect consumers, that is, those who purchase goods and services for personal, family or household use.  *Sheth v. New York Life Ins. Co.*, 273 A.D.2d 72, 73, 709 N.Y.S.2d 74 (1st Dep't 2000).   In the instant case a business, Breaking Ground Housing Development Fund Corporation, purchased a Business Auto Policy from Philadelphia, providing coverage for vehicles used in its business.  General Business Law §349 is simply inapplicable to the instant claim on this basis.

Furthermore, in *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 N.Y.2d 20, 25 623 N.Y.S.2d 529, 647 N.E.2d 741, the Court held that "private contract disputes

---

(1)  *Americo Paolucci v. Philadelphia Indemnity Insurance Company et al.*, Sup. Ct., Erie Cty, Index No. 800822/2018;

(2)  *Andrea Cornachio v. Philadelphia Indemnity Insurance Company*, Sup. Ct., Bronx Cty., Index No. 22039/2018E;

(3)  *Bonnie R. Schreiber v. Philadelphia Indemnity Insurance Company et al.*, Sup. Ct., Suffolk Cty., Index No. 616641/2018;

(4)  *Miguel Abad v. Philadelphia Indemnity Insurance Company et al.*, Sup. Ct., Bronx Cty., Index No.23068/2018E;

(5)  *Sidartha G. Persaud v. Philadelphia Indemnity Insurance Company*, Sup. Ct., Qns. Cty., Index No. 712222/2018; and

(6)  *Tracie L. Zajac v. Philadelphia Indemnity Insurance Company,* Sup. Ct., Erie Cty., Index No. 802584/2019.

[4]  (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful. […] (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

unique to the parties would not fall within the ambit of the statute." *See also, New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320 (1995); *Freefall Express, Inc. v. Hudson River Park Trust*, 16 Misc.3d 1135(A), *2 (Sup. Ct. 2007).  Additionally, "conclusory allegations such as those that allege a general claim settlement policy that would deceive the general public are insufficient." *Lava Trading, Inc. v. Hartford Fire Insurance Co*., 326 F. Supp.2d 434, 438 (S.D.N.Y. 2004).

Further, in *Metro Prop Ins. Co. v. Mancuso*, 93 N.Y.S.2d 487 (N.Y. 1999) the Court of Appeals noted that single event type coverage is distinguishable from SUM coverage, in holding that insurance coverage for risk such as fire, theft, death, and primary liability covers occurrences that are a single event and that materialize instantly and unambiguously. In determining the bright line date from which timely notice is judged, the Court then stated, ". . . underinsurance has unique conditions and features for the ripening of claims that do not exist in primary insurance cases." *Id. p.494*. "Although in theory most automobile accidents carry a potential claim for underinsurance benefits, it takes time, investigation and analysis to determine whether one will actually result." *Id. p.493*.  "Thus, although coverage is "triggered" when the limit of the insured's bodily injury coverage is greater than the same coverage in the tortfeasor's policy, the acquisition of this information, the existence of other conditions and the occurrence of other developments do not always take place at a fixed time." *Id. p 493*. In this action, the plaintiff's SUM case did not ripen into a potentially viable claim for SUM benefits until *after* plaintiff received limits of the underlying insurance coverage on January 7, 2019.  See *DeSantis declaration at para. 17*.

Additionally, the allegations in the Third Claim for Relief, *supra*, offer only insufficient labels and conclusions, and are also insufficient formulaic recitation of the elements of a cause of

action. They are also insufficient tenders of "naked assertion[s] devoid of further factual enhancement." (emphasis added) *Iqbal*, supra, 556 U.S. at 678.

The Third Cause of Action is also misleading. The *existence* of the six (6) lawsuits pled in the Third Claim for Relief is not contested. However, the *substance* of those lawsuits do not come close to making allegations against Philadelphia necessary to support a claim pursuant to GBL §349.  In fact, the six (6) complaints contain allegations only that Philadelphia prior to being sued did not make payment on the SUM claims. None of the plaintiffs in these other SUM cases are making any allegation that plaintiff Wickham is asserting in the Second and Third Claims for relief. The Court can take judicial notice of the associated six (6) complaints (FRCP 201) and which are exhibited as *Defendant's K1-J6.*

In addition, these cited lawsuits are *integral* to the sufficiency of the Third Cause of Action in plaintiff's seeking to show similarities and patterns. See, *In re Merrill Lynch & Co*., supra, *356-57* (regarding documents and judicial notice as part of pleadings). A closer look shows that these plaintiff-pleaded actions are actually and fatally detrimental to the sufficiency of the Third Cause of Action, as follows:

1. <u>Americo Paolucci v. Philadelphia Indemnity</u>, Erie County Index No. 800822/18

   This case arises from an accident of February 23, 2015.  Plaintiff received $100,000 from the adverse vehicle. Plaintiff filed suit on January 18, 2018, and an answer was interposed.  There is no allegation of any wrongdoing except that defendant failed to pay the claim. There are no other details publicly available except that the matter was discontinued on June 4, 2019.

2. <u>Andrea Cornachio v Philadelphia Indemnity</u>, Bronx County Index No. 22039/2018E

   This case arises from an accident that took place on April 30, 2014.  Presumably the adverse vehicle tendered its policy. Plaintiff commenced suit on February 21, 2018 and the complaint was answered. The law firm in that action for Philadelphia is moving to compel Arbitration. Plaintiff does not want to Arbitrate to prove its damages and so it has sued only for damages in that case.

14

3.  Bonnie R. Schreiber v. Philadelphia Indemnity, Suffolk County Index No. 616641/18

This case arises from an accident that took place on May 24, 2016. Suit was filed against both Allstate and Philadelphia Insurance for uninsured motorist protection. There is no indication whether the adverse vehicle had coverage, and/or whether the accident was reported to the police. In any event there is no claim beyond the limited dispute between the plaintiff and the two carriers in this case.

4.  Miguel Abad v. Philadelphia Indemnity, Bronx County Index No. 23068/18

This case arises from an accident that took place on March 30, 2015. Plaintiff sued the adverse vehicle who then settled for $100,000. On September 5, 2017, Philadelphia Insurance Company gave its consent. Philadelphia Insurance Company and the plaintiff did not agree on the value and so plaintiff commenced a plenary action on March 15, 2018. An answer was interposed, and discovery proceeded. Plaintiff filed a note of issue and certificate of readiness and defendant moved to strike seeking completion of discovery.

5.  Persaud v. Philadelphia Indemnity, Queens County Index No. 712222/18

Molod Spitz & DeSantis., P.C. is handling this case where plaintiff could have either sought arbitration or choose to bring a plenary action. No other claim then for damages under SUM coverage is sought. The accident occurred on December 5, 2017. On or about March 28, 2018, the insurance carrier for tortfeasor Aguilar tendered the entire limits of its coverage in the amount of $25,000 and had no excess coverage. Plaintiff obtained Philadelphia's consent to settlement with Aguilar by letter dated March 28, 2018. On August 7, 2018 plaintiff filed suit and discovery is proceeding. On May 8, 2019 an EUO was held and plaintiff is to appear for an IME on July 16, 2019. The parties are proceeding to mediation.

6.  Tracie L. Zajac v. Philadelphia Indemnity, Erie County Index No.8025484/19

This is a case involving an accident that took place on April 9, 2009 and the adverse vehicle settled for $25,000. In June 2018 Philadelphia Insurance Company consented to the settlement. Plaintiff filed suit on March 1, 2019. There is no claim that Philadelphia Insurance Company did anything but resolve this claim with the plaintiff.

Further, GBL §349 is inapplicable because the standards used to apply the statute are not sufficiently pled. The Third Claim for Relief is utterly implausible because it is based upon the mere existence of lawsuits shown to be irrelevant to the action at bar. Thus, in light most

15

favorable to the plaintiff, these lawsuits merely exist; but that is all.  What they allege is inapposite to the plaintiff's allegations.

Plaintiff fails to meet her burden; there being no pattern of consumer-oriented deception. A claim is only plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in [the] plaintiff's favor." *In re Thelen LLP*, 736 F.3d 213, 218 (2d Cir. 2013). Nonetheless, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted). In the case at bar, the plaintiff has sought legal conclusions from the mere existence of cases as showing an adverse pattern of conduct. With these mere citations, *in conjunction with the documents that are part of the Amended Complaint showing plaintiff chose to bring this lawsuit in lieu of arbitration*, plaintiff has not sufficiently pled any of her substantive allegations in her Third Cause of Action. Thus, as to each of its component parts:

- Plaintiff has failed to sufficiently allege "**deceptive acts and practices**." *Amended Complaint ¶35.*

- Plaintiff has failed to sufficiently allege "**Upon information and belief, the Defendant follows a pattern and scheme of refusing to pay under-insurance benefits on policies that provide underinsured/uninsured motorist coverage policy limits of $1,000,000 or more**" *Amended Complaint ¶36.*

- Plaintiff has failed to sufficiently allege "**Defendant routinely refuses to pay under-insurance benefits without any legitimate basis […]**" *Amended Complaint ¶37.*

- Plaintiff has failed to sufficiently allege "**Even a cursory search of the New York State Court docket since 2018 indicates that there are numerous ongoing matters against Defendant involving the same or similar facts alleging that Defendant refuses to pay underinsured/uninsured motorist coverage benefits in the State of New York [...]**" *Id.*

- Plaintiff has failed to sufficiently allege "**Defendant anticipates that most persons will go away [...]**" *Amended Complaint ¶38.*

- Plaintiff has failed to sufficiently allege "**Upon information and belief, Defendant targets individuals that qualify as insured persons under automobile policies which provide underinsured/uninsured coverage of $1,000,000 or more**." *Amended Complaint ¶39.*

- Plaintiff has failed to sufficiently allege "**Defendant's deceptive acts and practices were consumer oriented [...]**" *Amended Complaint ¶40.*

- Plaintiff has failed to sufficiently allege "**As a consumer of Defendant's business or provisions of services, Plaintiff was deceived and injured by Defendant's deceptive acts and practices [...]**" *Amended Complaint ¶41.*

- Plaintiff has failed to sufficiently allege "**Defendant's conduct is in bad faith [... and] in violation of Section 349**" *Amended Complaint ¶42.*

Accordingly, plaintiff has failed to sufficiently plead any portion of the Third Claim for Relief, which must therefore be dismissed.

## IV.  CONCLUSION

Pursuant to FRCP 12(c), Defendant Philadelphia has conclusively shown that it is entitled to a dismissal of the Amended Complaint for failing to meet the policy conditions precedent and,

if not the entire action, dismissal of plaintiff's Second and Third Claims for Relief, alleging

tortious conduct and violations of GBL §349, respectively, because plaintiff has not sufficiently

pled conduct distinct from the alleged breach of the Policy and because she has not sufficiently

pled deceptive practices under the statute.

Dated: July 12, 2019

<div style="margin-left: 40%;">

Respectfully submitted,
***S/ Salvatore J. DeSantis***
Salvatore J. DeSantis, Esq. (SJD 4481)
MOLOD SPITZ & DeSANTIS, P.C.
**Attorneys for Defendant**
**PHILADELPHIA INDEMNITY**
**INSURANCE COMPANY**
1430 Broadway, 21st Floor
New York, NY 10018
Tel: (212) 869-3200
Fax: (212) 869-4242
Email: sdesantis@molodspitz.com
Our File: PHIC-889

</div>

To:

Thomas Miller, Esq.
Jaroslawicz & Jaros, LLC
**Attorneys for Plaintiff**
225 Broadway, 24th Floor
New York, NY 10007
Tel:  212-227-2780
Email:  tmiller@lawjaros.com