# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

VANESSA WICKHAM,

                               Plaintiff,

-against-

FRANCIS P. MARUNA and ALAN MARUNA,

                             Defendants.

---

Index No.
Date Purchased
Plaintiff(s) designate(s)
*KINGS*
County as the place of trial.

The basis of venue is
Plaintiff's address

**SUMMONS**
Plaintiff(s)' address:

228 East 38th Street
Brooklyn, New York 11203

---

To the above named Defendant(s):

    *You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney(s) within **twenty** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          November 10, 2016

JAROSLAWICZ & JAROS, LLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
       David Jaroslawicz

---

THIS IS AN E-FILE CASE

ENTER YOUR APPEARANCE AT
HTTPS://IAPPS.COURTS.STATE.NY.US.NYSCEF
SEE RIDER ANNEXED HERETO

---

Defendant(s) address(es):

FRANCIS P. MARUNA
ALAN MARUNA
120 Doris Avenue
Franklin Square, New York 11010

## Rider to Summons

### NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
### SUPREME COURT CASES

**PLEASE TAKE NOTICE** that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as allowed by CPLR § 2111 and Uniform Rule § 202.5-b (consensual electronic filing). This notice is being served as required by that Rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

1) **Parties represented by an attorney:** An attorney representing a party who is served with this Notice must promptly either consent or decline consent to electronic filing and service through NYSCEF for this case. Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile. Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

2) **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file all documents in paper form and must be served with all documents in paper form.** However, an unrepresented litigant may consent to participate in efiling.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------x

VANESSA WICKHAM,                                      Index No.

                        Plaintiff,        **VERIFIED COMPLAINT**

   -against-

FRANCIS P. MARUNA and ALAN MARUNA,

                        Defendants.

----------------------------------------------------------------x

Plaintiff, by her attorneys, Jaroslawicz & Jaros PLLC, complaining of the defendants, upon information and belief, alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff is a resident of the State of New York, County of Kings.

2. At all times hereinafter mentioned, plaintiff was operating a motor vehicle bearing New York license plate number HEE 1486.

3. At all times hereinafter mentioned, defendant Francis P. Maruna owned a motor vehicle bearing New York license plate number FFL7562.

4. At all times hereinafter mentioned, defendant Alan Maruna was operating the motor vehicle owned by Francis P. Maruna.

5. At all times hereinafter mentioned, defendant Alan Maruna was operating the aforementioned vehicle with the actual and/or implied consent of defendant Francis P. Maruna.

## THE UNDERLYING FACTS

6.  At all times hereinafter mentioned, the intersection of Cypress Avenue and Gates Avenue was and is a public thoroughfare in the State of New York, County of Queens.

7.  On or about October 23, 2016, plaintiff was operating her vehicle in the aforementioned vicinity.

8.  At all times hereinafter mentioned, plaintiff's vehicle was stopped when, due to the defendants' recklessness, carelessness and negligence, her vehicle was struck in the rear by the defendants' vehicle, as a result of which she suffered severe and permanent personal injuries.

9.  Plaintiff in this action has suffered serious injuries as defined by the No-Fault Insurance Law of the State of New York.

10. That plaintiff in this action is not seeking to recover any monies which are paid or should be paid through No-Fault Insurance.

11. If the plaintiff executes a release in this action, plaintiff does not intend to release any claims by any insurance carrier for any monies paid for no-fault benefits or any claims for subrogation or any claims other than the plaintiff's own claims for pain and suffering and the amount of special damages exceeding those paid under No-Fault.

12. The amounts sought herein exceed the jurisdiction of the lower courts.

## AS AND FOR A FIRST CAUSE OF ACTION

14. The defendants were reckless, careless and negligent in operating the vehicle at an excessive rate of speed; in failing to keep a safe distance; in failing to see what should be seen; in failing to make proper and timely use of brakes, horns and other devices; in striking plaintiff's vehicle in the rear; in violating the applicable laws, rules and regulations; and the defendants were otherwise reckless, careless and negligent.

15. As a result of defendants' negligence, plaintiff was caused to suffer severe and permanent personal injuries, including dizziness, headache, neck pain, back pain and pelvis pain; aggravation and exacerbation of prior conditions; unable to be gainfully employed or engage in everyday activities; required and requires hospitalization and medical care and treatment including diagnostic testing; extreme pain and suffering; mental anguish and distress; plaintiff required hospital and medical care and will require such care and treatment in the future; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

16. Plaintiff has sustained a serious injury as defined in the Insurance Law §5102(d) in that plaintiff sustained a permanent loss of use of a body organ, member, function or system, a permanent consequential limitation of use of a body organ or member a significant limitation of use of a body function or system and a medically determined injury or impairment of a non-permanent nature which prevented plaintiff from performing substantially all of the material acts which constituted plaintiff's usual and

customary daily activities for at least ninety days during the one hundred-eighty days immediately following the accident herein.

17. Additionally, in the event that the injuries to the plaintiff were superimposed upon any pre-existing condition (including but not limited to any latent condition), or there was any pre-existing element (including but not limited to the normal aging process), which may have contributed to the extent and severity of plaintiff's injuries and rendered plaintiff more prone and/or weakened and/or susceptible to further injury, then such pre-existing conditions or susceptibility, if any, were aggravated, activated, precipitated, triggered, accelerated and/or acted upon by the injuries sustained by plaintiff in the subject occurrence and/or caused plaintiff to become symptomatic.

18. By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, to recover all damages, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS PLLC<br>
Attorneys for Plaintiff<br>
225 Broadway, 24th Floor<br>
New York, New York 10007<br>
(212) 227-2780<br>
By: _____<br>
David Jaroslawicz

4

DAVID JAROSLAWICZ, a member of the firm of JAROSLAWICZ & JAROS, attorneys for the plaintiff(s) in the within action, duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2016 of the CPLR:

That he has read the foregoing **Complaint** and knows the contents thereof; that the same is true to his own knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, he believes them to be true.

Affiant further states that the source of his information and the grounds of his belief are derived from the file maintained in the normal course of business of the attorneys for the plaintiff(s).

Affiant further states that the reason this affirmation is not made by the plaintiff(s) is that at the time this document was being prepared, the plaintiff(s) was (were) not within the County of New York, which is the County where the attorney for the plaintiff(s) herein maintains his office.

Dated:    New York, New York
          November 10, 2016

_____
DAVID JAROSLAWICZ

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

VANESSA WICKHAM,

                Plaintiff,

 -against-

FRANCIS P. MARUNA and ALAN MARUNA,

                Defendants.

---

**Summons & Verified Complaint**

---

LAW OFFICES OF
JAROSLAWICZ & JAROS PLLC
225 BROADWAY, 24TH FLOOR
NEW YORK, NEW YORK 10007
(212) 227-2780