EXHIBIT H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
VANESSA WICKHAM

        Plaintiff        19-cv-01301

- against -             **VERIFIED ANSWER**

                    JURY TRIAL DEMANDED

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

        Defendants
-----------------------------------------------------------------------X

  Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY by and through their attorneys, MOLOD SPITZ & DeSANTIS, P.C., as and for their answer to the Complaint herein, upon information and belief state as follows:

## ANSWERING THE PARTIES

  1. As to paragraph "1" of the complaint defendant denies knowledge or information sufficient to form a belief as to whether plaintiff is a citizen of the State of New York.

  2. As to paragraph "2" of the complaint defendant admits that PHILADELPHIA INDEMNITY INSURANCE COMPANY, is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Pennsylvania.

  3. As to paragraph "3" of the complaint defendant admits that PHILADELPHIA INDEMNITY INSURANCE COMPANY is an insurance company with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004.

  4. As to paragraph "4" of the complaint defendant admits that PHILADELPHIA INDEMNITY INSURANCE COMPANY is authorized to sell insurance, including automobile

insurance, in the State of New York with an office located at Tokio Marine North America, 1221 6th Avenue, New York, New York 10020, and therefore can be served here.

5. As to paragraph "5" of the complaint defendant admits that PHILADELPHIA INDEMNITY INSURANCE COMPANY sells insurance, including automobile insurance, in the State of New York.

## ANSWERING JURISDICTION AND VENUE

6. As to paragraph "6" of the complaint defendant denies that the amount in controversy exceeds the sum of $100,000, exclusive of interest and costs.

7. As to paragraph "7" of the complaint Defendant denies that this Court has jurisdiction over the parties by reason of diversity of citizen ship and the amount in controversy, pursuant to 28 U.S.C.1332 and respectfully defers questions of law to the Court.

8. As to paragraph "8" of the complaint defendant denies that venue is properly placed in the United States District Court for the Eastern District of New York and respectfully defers questions of law to the Court.

## ANSWERING THE UNDERLYING FACTS

9. As to paragraph "9" of the complaint defendant admits that PHILADELPHIA INDEMNITY INSURANCE COMPANY sold an automobile insurance policy to the plaintiff's employer, Breaking Ground Housing Development Fund Corporation – policy number PHPK1511867.

10. As to paragraph "10" of the complaint defendant denies that on or about October 23, 2016, plaintiff was seriously injured when the vehicle she was driving was rear-ended at the

intersection of Cypress Avenue and Gates Avenue in the State of New York, County of Queens, due to the recklessness, carelessness and negligence of Alan Maruna.

11. As to paragraph "11" of the complaint defendant denies that due to Alan Maruna's recklessness, carelessness and negligence, plaintiff was caused to suffer severe and permanent personal injuries.

12. As to paragraph "12" of the complaint defendant denies knowledge or information sufficient to form a belief as to whether on November 10, 2016, Plaintiff commenced an action against Francis P. Maruna (the owner of the vehicle) and Alan Maruna (collectively the "Maruna Defendants"), in Supreme Court, Kings County, *Vanessa Wickham v. Francis P. Maruna*, Index No. 519906/2016.

13. As to paragraph "13" of the complaint defendant denies knowledge or information sufficient to form a belief as to whether by Order dated March 14, 2018, the Supreme Court, Kings County, granted plaintiff summary judgment against defendants on the issue of liability but admits receiving a copy of the Order.

14. As to paragraph "14" of the complaint defendant denies knowledge or information sufficient to form a belief as to whether the Maruna Defendants were insured by Safeco Insurance ("Safeco") under policy number K3027533 with bodily injury policy limits of $100,000 each person.

15. As to paragraph "15" of the complaint defendant denies knowledge or information sufficient to form a belief as to whether prior to trial, Safeco offered to settle the aforementioned motor vehicle accident for $100,000, the full underlying Safeco policy limits, except admits that notice was given to the defendant of the offer to settle and that plaintiff intended to pursue Underinsured benefits under the policy.

16. As to paragraph "16" of the complaint defendant denies knowledge or information sufficient to form a belief as to whether pursuant to the consent of defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY, the underlying action was settled for $100,000 except admits receiving a copy of a settlement check.

17. As to paragraph "17" of the complaint defendant admits that on or about October 23, 2016 plaintiff was operating a vehicle owned by Breaking Ground Housing Development Fund Corporation, which entity was also plaintiff's employer.

18. As to paragraph "18" of the complaint defendant admits that PHILADELPHIA INSURANCE INDEMNITY COMPANY provides to Breaking Ground Housing Development Fund Corporation a Business Auto Policy that has underinsured/uninsured motorist coverage with limits of $1,000,000 that are subject to the terms, conditions and limits of the policy and defendant refers to the policy for the contents thereof.

19. As to paragraph "19" of the complaint defendant admits receiving a letter dated December 10, 2018 from plaintiff's counsel seeking the full under-insurance policy limits.

20. As to paragraph "20" of the complaint defendant admits that it communicated to plaintiff's counsel that it is too premature to respond to the tender request until all the conditions of the policy are met.

21. As to paragraph "21" of the complaint defendant denies plaintiff's characterization of its response to the demand letter.

22. As to paragraph "22" of the complaint defendant denies knowledge or information sufficient to form a belief as to what plaintiff is seeking and respectfully defers questions of law to the Court.

23. As to paragraph "23" of the complaint defendant denies knowledge or information sufficient to form a belief as to what plaintiff's intentions are upon executing a release.

## ANSWERING THE FIRST CLAIM FOR RELIEF

24. As to paragraph "24" of the complaint defendant denies that its agents, servants and/or employees, breached the contract of insurance but admits that it has declined to make any payment at this time.

25. As to paragraph "25" of the complaint defendant denies that plaintiff has been damaged or that she is entitled to any benefits without first complying with all the terms and conditions of the policy.

26. As to paragraph "26" of the complaint defendant denies that plaintiff is entitled to recover all of her damages from the defendant.

## ANSWERING THE SECOND CLAIM FOR RELIEF

27. As to paragraph "27" of the complaint defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered 1 through 26, inclusive, with the same force and effect as though more fully set forth herein at length.

28. As to paragraph "28" of the complaint defendant denies that it violated the insurance contract by not adjusting said claim.

29. As to paragraph "29" of the complaint defendant denies that plaintiff has been damaged due to any fault on the part of the defendant.

30. As to paragraph "30" of the complaint defendant denies plaintiff is entitled to recover any damages.

### ANSWERING THE THIRD CLAIM FOR RELIEF

31. As to paragraph "31" of the complaint defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered 1 through 30, inclusive, with the same force and effect as though more fully set forth herein at length.

32. As to paragraph "32" of the complaint defendant denies that it has done anything improper in not making any payment at this time.

33. As to paragraph "33" of the complaint defendant denies that plaintiff is entitled to obtain underinsurance benefits without complying with all the policy conditions.

34. As to paragraph "34" of the complaint defendant denies that plaintiff is entitled to recover any damages from the defendant.

### ANSWERING THE FOURTH CLAIM FOR RELIEF

35. As to paragraph "35" of the complaint defendant repeats, reiterates and realleges each and every admission and denial heretofore interposed herein to paragraphs marked and numbered 1 through 34, inclusive, with the same force and effect as though more fully set forth herein at length.

36. As to paragraph "36" of the complaint defendant denies plaintiff's allegations of fraud.

37. As to paragraph "37" of the complaint defendant denies the allegations concerning any pattern of refusing to pay under-insurance benefits.

MOLOD SPITZ & DESANTIS, P.C.

38. As to paragraph "38" of the complaint defendant denies that it refuses to pay under-insurance benefits without a legitimate basis to do so.

39. As to paragraph "39" of the complaint defendant denies that it does anything less than provides benefits that are due under the terms and conditions of the policy.

40. As to paragraph "40" of the complaint defendant denies any allegations of fraud.

41. As to paragraph "41" of the complaint defendant denies that it is acting in bad faith or that its efforts to comply with the terms and conditions of the policy in any way constitute a fraud upon the plaintiff or the public.

42. As to paragraph "42" of the complaint defendant denies that plaintiff is entitled to recover any damages.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. That the policy that is that subject of this lawsuit contains the condition that any person making claim under this policy shall cooperate in the investigation of the claim and provide as many authorizations as the defendant deems necessary to obtain relevant medical report and records.

44. That the policy provides that plaintiff is to submit to physical examinations by physicians defendant selects when and as often as may reasonably be necessary.

45. That the policy provides that plaintiff is to submit to an examination under oath.

46. That to date plaintiff has not fully complied with the conditions in the policy.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. Plaintiff's complaint fails to set forth a cause of action under Section 349 of the General Business Law of the State of New York.

48. Plaintiff's complaint fails to set forth a basis for bringing a private cause of action under Section 349 of the General Business.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49. That plaintiff complaint fails to set forth with sufficient particularity the necessary elements for a cause of action based upon fraud.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the action is barred by reason of plaintiff(s) failure to sustain a serious personal injury as defined by Section 5102 of Article 51 of the Insurance Law.

That the plaintiff(s) did not sustain serious and permanent injuries as defined by Section 5102(d) of the Insurance Law of the State of New York and his exclusive remedy is confined and limited to the benefits and provisions of Article XVIII of the Insurance law of the State of New York.

That pursuant to Sub-section 5102(c) & (d) of the Insurance Law, the plaintiff has sustained neither a serious injury, nor basic economic loss, and as such, there shall be no right of recovery against the defendant herein.

That the plaintiff(s) did not sustain serious and permanent injuries as defined by Section 5102(d) of the Insurance Law of the State of New York and his exclusive remedy is confined and limited to the benefits and provisions of Article XVIII of the Insurance Law of the State of New

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That if the plaintiff has received sums of money in settlement of the claims asserted herein, and that by reason thereof, the defendants are entitled to the protection, provisions and

limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the plaintiff against the defendants, by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

**WHEREFORE** the defendant, PHILADEPHIA INDEMNITY INSURANCE COMPANY demands judgment dismissing the Complaint, together with the costs and disbursements herein.

Dated: New York, New York
April 12, 2019

By: _____s/_____
Salvatore J. DeSantis- (SJD 4481)
MOLOD SPITZ & DeSANTIS, P.C.
Attorneys for Defendant
PHILADELPHIA INDEMNITY INS.
1430 Broadway, 21st Floor
New York, NY 10018
Tel: (212) 869-3200
Fax: (212) 869-4242
Our File: PHIC 889

TO:

David Jaroslawicz
Jaroslawicz & Jaros, LLC
Attorney for Plaintiff
225 Broadway, 24th Floor
New York, NY 10007

## ATTORNEY'S VERIFICATION

SALVATORE J. DeSANTIS, an attorney duly admitted to practice law before the Courts of the State of New York and a member of the firm of MOLOD SPITZ & DeSANTIS, P.C., attorneys for Defendants, PHILADELPHIA INDEMNITY INSURANCE COMPANY, states:

That your affirmant has read the foregoing **ANSWER** and know the contents thereof; that the same is true to your affirmant's own knowledge except as to the matters which are stated therein to be alleged on information and belief, and as to those matters your affirmant believes them to be true.

The source of your affirmant's information and belief is an investigation caused to be made with respect to the facts in this action, and file contents.

The reason this verification is not made by answering Defendant herein, is that the Defendant does not have offices within the County of New York where your affirmant's office is maintained.

The undersigned affirms that the foregoing statement is true, under penalties of perjury, pursuant to CPLR 3020(d)(3).

Dated: New York, New York
April 12, 2019

_____s/_____
SALVATORE J. DeSANTIS