# EXHIBIT I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
VANESSA WICKHAM,

                                 Plaintiff,

      -against-

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                               Defendants.
--------------------------------------------------------------------x

CASE NO. 1:19-CV-01301 (RLM)

**<u>AMENDED COMPLAINT</u>**

**<u>JURY TRIAL DEMANDED</u>**

       Plaintiff, by her attorneys, Jaroslawicz & Jaros PLLC, complaining of the defendant, upon information and belief, alleges as follows:

<u>**THE PARTIES**</u>

1.     At all times hereinafter mentioned, plaintiff is a citizen of the State of New York.

2.     At all times hereinafter mentioned, defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY is a corporation, duly organized and existing under and by virtue of the laws of the State of Pennsylvania.

3.     At all times hereinafter mentioned, defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY is an insurance company with its principal place of business at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004.

4.     At all times hereinafter mentioned, defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY was and is authorized to sell insurance, including automobile insurance, in the State of New York, and therefore can be sued here.

5.     At all times hereinafter mentioned, defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY sells insurance, including automobile insurance, in the State of New York.

## JURISDICTION AND VENUE

6.      That the amount in controversy exceeds the sum of $100,000, exclusive of interest and costs.

7.      That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

8.      Venue is properly placed in the United States District Court for the Eastern District of New York since the occurrence took place here, the defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY does business here, the witnesses are located here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

9.      At all times hereinafter mentioned, defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY sold an automobile insurance policy which provided coverage to plaintiff, policy number PHPK1511867.

10.     On or about October 23, 2016, plaintiff was seriously injured when the vehicle she was driving was rear-ended at the intersection of Cypress Avenue and Gates Avenue in the State of New York, County of Queens, due to the recklessness, carelessness and negligence of Alan Maruna.

11.     Due to Alan Maruna's recklessness, carelessness and negligence, plaintiff was caused to suffer severe and permanent personal injuries, including traumatic brain injury; memory and cognitive difficulties; depression, anxiety, worry, difficulty sleeping, crying spells, difficulty with sitting, standing, walking, or bending; burning, aching, sharp pain in back and neck; atrophy in the left lateral orbitofrontal, right middle temporal, and inferior temporal regions; required and will require in the future cognitive remediation therapy; desiccation of the

L5-S1 disc space; cervicalgia, radiating pain into right arm and both legs; radiculopathy of cervical spine and lumbar region; pars defect of L5; impingement syndrome left shoulder; required L5-S1 transforaminal interbody fusion, L5-S1 posterior nonsegmental instrumentation, L5-S1 posterolateral intertransverse fusion, L5-S1 biomechanical interbody device, and fluoroscopy-guided bone marrow aspiration on April 27, 2018; extreme pain and suffering, mental anguish and distress; plaintiff required hospital and medical care and will require such care and treatment in the future, all of which damages are permanent in nature and continuing into the future.

12. On November 10, 2016, Plaintiff commenced an action against Francis P. Maruna (the owner of the vehicle) and Alan Maruna (collectively the "Maruna Defendants"), in Supreme Court, Kings County, *Vanessa Wickham v. Francis P. Maruna*, Index No. 519906/2016.

13. By Order dated March 14, 2018, the Supreme Court, Kings County, granted plaintiff summary judgment against defendants on the issue of liability. A copy of the Order is annexed hereto as Exhibit A.

14. The Maruna Defendants were insured by Safeco Insurance ("Safeco") under policy number K3027533 with bodily injury policy limits of $100,000 each person.

15. Prior to trial, Safeco offered to settle the aforementioned motor vehicle accident for $100,000, the full underlying Safeco policy limits, and notice was given to the defendant of the offer to settle and that plaintiff intended to pursue Underinsured benefits under her policy (Exhibit B).

16. Pursuant to the consent of defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY, the underlying action was settled for $100,000. A copy of the settlement check is annexed hereto as Exhibit C.

17.     At the time of the motor vehicle accident, plaintiff was operating a vehicle owned by Breaking Ground Housing Development Fund Corporation.

18.     Under Breaking Ground Housing Development Fund Corporation's Business Auto Policy, the underinsured/uninsured motorist coverage limits are $1,000,000 (Exhibit D).

19.     By letter dated December 10, 2018 plaintiff demanded that PHILADELPHIA INDEMNITY INSURANCE COMPANY tender the full under-insurance policy limits.

20.     Prior to December 10, 2018, and at least as early as November 17, 2016, PHILADELPHIA INDEMNITY INSURANCE COMPANY was regularly provided authorizations to obtain medical records and other information pertaining to Plaintiff yet failed and/or refused to evaluate, investigate, and adjust the claim in good faith including, but not limited to, requesting a physical exam or an examination under oath.

21.     PHILADELPHIA INDEMNITY INSURANCE COMPANY responded to the tender request by email on December 10, 2018 advising that there would be a delay in response pending receipt of medical records, despite having been provided authorizations for medical records since 2017.

22.     Since December 10, 2018, PHILADELPHIA INDEMNITY INSURANCE COMPANY has refused to return phone calls and has failed to make any offer whatsoever concerning the under-insurance benefits under the policy, thereby forcing plaintiff to file this action.

23.     That plaintiff in this action is not seeking to recover any monies which are paid or should be paid through No-Fault Insurance.

24.     If the plaintiff executes a release in this action, plaintiff does not intend to release any claims by any insurance carrier for any monies paid for no-fault benefits or any claims for

subrogation or any claims other than the plaintiff's own claims for pain and suffering and the amount of special damages exceeding those paid under No-Fault.

## AS AND FOR A FIRST CLAIM FOR RELIEF

25. Defendant, by its agents, servants and/ or employees, have refused to make payment pursuant to the terms of the underinsurance provisions of the insurance contract, and has breached the contract of insurance with the plaintiff.

26. By reason of the foregoing, plaintiff has been damaged in that she has been unable to obtain the underinsurance benefits to which she is rightfully entitled, has been required to incur expenses for attorney's fees and disbursements, has lost interest on and the benefit of the money and has been otherwise damaged.

27. By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendant.

## AS AND FOR A SECOND CLAIM FOR RELIEF

28. Plaintiff hereby repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

29. Defendant, by its agents, servants and/ or employees, were reckless, careless and negligent in breaching the duty to investigate and pay Plaintiff's claim in good faith and refusing to make payment pursuant to the terms of the underinsurance provisions of the insurance contract, in failing to respond to plaintiff, in forcing plaintiff to be deprived of the insurance proceeds to which she is entitled, in failing to pay the claim within a reasonable time, and Defendant has violated the insurance contract and breached the covenant of good faith and fair dealing by not investigating and paying in good-faith the underinsurance benefits to which she is entitled.

30.     By reason of the foregoing, plaintiff has been damaged in that she has been unable to obtain the underinsurance benefits to which she is rightfully entitled, has been required to incur unnecessary expenses for attorney's fees and disbursements, has lost interest on the money and has been otherwise damaged, all of which damages were reasonably foreseeable.

31.     By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendant.

## AS AND FOR A THIRD CLAIM FOR RELIEF

32.     Plaintiff hereby repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

33.     New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York State.

34.     By providing automobile insurance, Defendant conducts "business" or provides a "service" within the meaning of New York General Business Law § 349.

35.     Defendant has engaged in deceptive acts and practices in the conduct of its business or provision of its services, in violation of New York General Business Law § 349, by accepting premiums for automobile insurance policies with underinsured/uninsured coverage with the representation that the plaintiff and others would be provided with under-insurance benefits.

36.     Upon information and belief, the Defendant follows a pattern and scheme of refusing to pay under-insurance benefits on policies that provide underinsured/uninsured motorist coverage policy limits of $1,000,000 or more.

37.     The Defendant routinely refuses to pay under-insurance benefits without any legitimate basis and deprives injured persons of benefits to which they are entitled and for which higher premiums were paid.  Even a cursory search of the New York State Court docket since 2018 indicates that there are numerous ongoing matters against Defendant involving the same or similar facts alleging that Defendant refuses to pay underinsured/uninsured motorist coverage benefits in the State of New York: (1) *Americo Paolucci v. Philadelphia Indemnity Insurance Company et al.,* Sup. Ct., Erie Cty, Index No. 800822/2018 (alleging Defendant failed to comply with demands under the policy); (2) *Andrea Cornachio v. Philadelphia Indemnity Insurance Company,* Sup. Ct., Bronx Cty., Index No. 22039/2018E (alleging Defendant failed and refused to adjust and pay the full value of Plaintiff's claim); (3) *Bonnie R. Schreiber v. Philadelphia Indemnity Insurance Company et al.,* Sup. Ct., Suffolk Cty., Index No. 616641/2018 (alleging Defendant failed to adjust an uninsured/underinsured motorist benefits claim); (4) *Miguel Abad v. Philadelphia Indemnity Insurance Company et al.,* Sup. Ct., Bronx Cty., Index No. 23068/2018E (alleging Defendant failed and neglected to make any adjustments of plaintiff's claim uninsured/underinsured motorist benefits); (5) *Sidartha G. Persaud v. Philadelphia Indemnity Insurance Company,* Sup. Ct., Qns. Cty., Index No. 712222/2018 (alleging that Defendant wholly refused, failed and neglected to make any adjustments of Plaintiff's claim); and (6) *Tracie L. Zajac,* Sup. Ct., Erie Cty., Index No. 802584/2019 (alleging that "[d]espite having been provided with voluminous information upon which to evaluate the said claim, as well as sufficient time to evaluate the claim" Defendant failed to compensate plaintiff).

38.     Defendant anticipates that most persons will go away, will not hire a lawyer and the defendant will therefore be the beneficiary of the benefits which should be rightfully paid pursuant to the contract of insurance and/or if a claim is finally made it can be settled for less

than the amount due. Defendant ignores claims and claim communications until a plaintiff is forced to file suit and incur substantial expenses and legal fees in order to obtain benefits of underinsured/uninsured coverage, thereby depleting the actual coverage afforded and represented under the terms of the policy.

39.     Upon information and belief, Defendant targets individuals that qualify as insured persons under automobile policies which provide underinsured/uninsured coverage of $1,000,000 or more.

40.     Defendant's deceptive acts and practices were consumer oriented conduct in that they were designed to mislead consumers into believing that they would be provided underinsured/uninsured coverage when, in reality, Defendant had no intention of paying claims and/or forcing insured persons to hire lawyers, file lawsuits, and expend substantial sums of money in the hope that claimants would either go away or accept reduced payments under the policies to forego the time and expense of litigation.

41.     As a consumer of Defendant's business or provisions of services, Plaintiff was deceived and injured by Defendant's deceptive acts and practices and Plaintiff has suffered loss independent from Defendant's failure to deliver contracted services including, but not limited to, substantial litigation fees and expenses, loss of use and deprived of the benefit of the proceeds of the policy to which Plaintiff is entitled, emotional distress, further complication, exacerbation, and aggravation of injuries suffered, and other suffering due to Defendant's conduct.

42.     Defendant's conduct is in bad faith and constitutes a deceptive act and practice upon the plaintiff and the public in violation of Section 349 of the General Business Law of the State of New York.

43. By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendant, including treble damages, interest, costs and attorneys' fees.

WHEREFORE, plaintiff demands judgment against the defendants to recover all damages, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS PLLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____

Thomas J. Miller

At an I.A.S. Trial Term, Part 7 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 14th day of March 20 18

P R E S E N T :

Hon. Fisher

**Justice**

---

Wickham

**Plaintiff(s)**

- against -

marna

**Defendant(s)**

Cal. No. 38

Index No. 519906/2016

The following papers numbered 1 to ___ read on this motion    **Papers Numbered**

Notice of Motion - Order to Show Cause
and Affidavits (Affirmations) Annexed ___
Answering Affidavit (Affirmation) ___
Reply Affidavit (Affirmation) ___
___ Affidavit (Affirmation) ___
Pleadings - Exhibits ___
Stipulations - Minutes ___
Filed Papers ___

π motion for summary judgment pursuant to CPLR 3212 is granted on the issue of liability. The court finds there is no non-negligent excuse for the hit in the rear or that the π was comparatively negligent. The case shall proceed to trial solely on issue of Damages, after completion of Discovery.

**For Clerks use only**

MG ✓
MD ___
Motion Seq. # 1

E N T E R

_____
J.S.C.

HON. PAMELA L. FISHER

EJV-rev 11-04

2018 MAR 19 AM 8: 24 FILED

## Thomas J. Miller

| | |
|---|---|
| **From:** | Thomas J. Miller |
| **Sent:** | Wednesday, October 17, 2018 4:41 PM |
| **To:** | 'Christina.Coles@phly.com' |
| **Subject:** | Vanessa Wickham - Your Claim No. 1033151 |
| **Attachments:** | 090176d193553391,999.pdf |

Dear Christina,

Pursuant to our discussion on today's date and further to our previous communications concerning this matter, please be advised that Safeco Insurance has tendered the $100,000 policy limit as settlement in the above-referenced matter.

As we have not received a copy of Policy No. PHPK1511867, we are requesting Philadelphia Insurance Companies consent to settle for the $100,000 policy limit, to the extent the applicable policy may require such consent. A copy of the Safeco Insurance letter tendering the policy is attached herewith.

Please provide us with a copy of Policy No. PHPK1511867 and please advise whether anything else is required under such policy prior to proceeding forward with settlement.

Thank you,

Tom Miller

Thomas J. Miller
Jaroslawicz and Jaros PLLC
225 Broadway 24th Floor
New York, NY 10007
(212) 227-2780



Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by telephone and return this communication, including attachments, to the sender via mail. The unauthorized use, dissemination, distribution, or reproduction of this communication, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

SCC * 000059

Safeco Insurance Companies
P.O. Box 461
Saint Louis, MO 63166-0461

R.Code: 50 399    Claim No. 13A163261095    Voucher No. 70106

PAY    ONE HUNDRED THOUSAND DOLLARS AND NO CENTS - - - - - - - - - -

TO THE
ORDER
OF

JAROSLAWICZ & JAROS LLC &
VANESSA S WICKHA
225 BROADWAY
NEW YORK    NY    10007-3001

Safeco Insurance.
A Liberty Mutual Company

The Northern Trust Company
Chicago, IL
Payable through Oakbrook Terrace, IL

17116477

CHECK DATE
JAN 7, 2019

$ 100,000.00

VOID IF NOT PRESENTED WITHIN 6
MONTHS OF ISSUE DATE OF CHECK

TWO SIGNATURES REQUIRED IF AMOUNT EXCEEDS $10,000

⑆17116477⑆ ⑆071923828⑈030156650⑈

THE ORIGINAL DOCUMENT HAS A REFLECTIVE WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.



**PHILADELPHIA**
INSURANCE COMPANIES

| | |
|---|---|
| PO Box 950, Bala Cynwyd, PA 19004 | Christina Coles |
| Phone: 800.765.9749 ● Fax: 800.685.9238 | Sr. Claims Examiner |
| www.phly.com | Phone ext: 7841 |
| | Email: Christina.Coles@phly.com |

October 22, 2018

Jaroslawicz and Jaros PLLC
225 Broadway 24ᵗʰ Floor
New York, NY 10007

Sent Via: EMAIL

RE:       Our Claim Number:   1033151
          Date of Loss:            10/23/2016
          Our Insured:            Breaking Ground Housing
          Your Client:             Vanessa Wickham

To Whom It May Concern:

Philadelphia Indemnity Insurance Company issued a Business Auto Policy to Breaking Ground Housing Development Fund Corporation, for policy period 06/30/2016 to 06/30/2017. That policy included NY SUM Coverage.

Please allow this letter to serve as our waiver and consent to settle and release claims against Francis P. Maruna and Alan Maruna as they relate to injuries claimed by Vanessa Wickham resulting from accident date 10/23/2016 at or near Cypress Avenue Queens, NY.

If you have any questions please feel free to contact the undersigned at 800-765-8749, ext 7841.

Sincerely,

*Christina Coles*

Sr. Claims Examiner

---

Philadelphia Insurance Company ▪ Philadelphia Indemnity Insurance Company ▪ Maguire Insurance Agency, Inc
Mobile USA Insurance Company ▪ Liberty American Insurance Company

Page 2

Encl: UIM Endorsement



# PHILADELPHIA
## INSURANCE COMPANIES
A Member of the Tokio Marine Group

One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
610.617.7900 Fax 610.617.7940
PHLY.com

**Philadelphia Indemnity Insurance Company**
## COMMON POLICY DECLARATIONS

**Policy Number:** PHPK1511867

**Named Insured and Mailing Address:**
Breaking Ground Housing
Development Fund Corporation
see manuscript endorsement attached
505 8th Ave Fl 5
New York, NY 10018-6550

**Producer:** 18503
North Shore Risk Management LLC
1983 Marcus Avenue
Suite 125
Lake Success, NY 11042

(516)326-9300
at 12:01 A.M. Standard Time at your mailing
address shown above.

**Policy Period From:** 06/30/2016 **To:** 06/30/2017

**Business Description:** Non Profit Organization

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS
POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS
INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | |
| Commercial General Liability Coverage Part | |
| Commercial Crime Coverage Part | |
| Commercial Inland Marine Coverage Part | |
| Commercial Auto Coverage Part | |
| Businessowners | |
| Workers Compensation | |
| Employee Benefits Professional Liability | |
| Sexual/Physical Abuse | |
| Liquor Liability Coverage Part | |
| **Total** | $ |

Total Includes Fees and Surcharges (See Schedule Attached)
Total Includes Federal Terrorism Risk Insurance Act Coverage

**FORM (S) AND ENDORSEMENT (S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE**
**Refer To Forms Schedule**

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations

CPD- PIIC (06/14)

Secretary

President and CEO

# Philadelphia Indemnity Insurance Company

POLICY NUMBER: PHPK1511867

**PI-CA DS 03 NY (05/11)**

# BUSINESS AUTO DECLARATIONS
# NEW YORK

**ITEM ONE**

| | |
|---|---|
| **Named Insured:** Breaking Ground Housing | |
| **Mailing Address:** 505 8th Ave Fl 5<br>New York, NY 10018-6550 | |

| Policy Period | |
|---|---|
| **From:** 06/30/2016 | |
| **To:** 06/30/2017 | At 12:01 A.M. Standard Time at your mailing address. |
| **Previous Policy Number:** PHPK1189768 | |

**Form of Business:** NON PROFIT ORGANIZATION

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Premium shown is payable at inception:** $ | | | | | | | |
| **Audit Period (If Applicable):** | ☐ | Annually | ☐ | Semi-Annually | ☐ | Quarterly | ☐ Monthly |

| Endorsements Attached To This Policy: |
|---|
| **See Schedule Attached** |
| |
| |

| Countersignature Of Authorized Representative |
|---|
| **Name:** |
| **Title:** |
| **Signature:** |
| **Date:** |

Includes copyrighted material of Insurance Services Office, Inc., with permission.

**ITEM TWO**

**Schedule Of Coverages And Covered Autos**
This policy provides only those coverages which are indicated with a premium entry. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.**

| Coverages | Covered Autos | Limits | Premium |
|---|---|---|---|
| **Liability** | 01 | 1,000,000          CSL | ███████ |
| **Supplemental Spousal Liability** | | | |
| **New York Personal Injury Protection (P.I.P.) Total** | 05 | (See New York Supplemental Declarations) | |
| **Auto Medical Payments** | 02 | 10,000 | |
| **Uninsured Motorists** <br>          **OR** <br> **Supplementary** <br> **Uninsured/Underinsured Motorists (SUM)** | 02 | 1,000,000          CSL | |
| | | The maximum amount payable under SUM coverage shall be the policy's SUM limits, reduced and thus offset by motor vehicle bodily injury liability insurance policy or bond payments received from, or on behalf of, any negligent party involved in the accident, as specified in the SUM endorsement. | |

Includes copyrighted material of Insurance Services Office, Inc., with permission.

**ITEM TWO**
**Schedule Of Coverages And Covered Autos (Cont'd)**

| Coverages | Covered Autos | Limit | | Premium |
|---|---|---|---|---|
| **Physical Damage Comprehensive Coverage** | 07 | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus<br><br>$   SCHEDULE | Deductible For Each Covered Auto.<br>See Item Four For Hired Or Borrowed Autos. | $ ████ |
| **Physical Damage Specified Causes Of Loss Coverage** | | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus<br><br>$      25 | Deductible For Each Covered Auto For Loss Caused By Mischief Or Vandalism. See Item Four For Hired Or Borrowed Autos. | $ ████ |
| **Physical Damage Collision Coverage** | 07 | Actual Cash Value Or Cost Of Repair, Whichever Is Less, Minus<br><br>$   SCHEDULE | Deductible For Each Covered Auto. See Item Four For Hired Or Borrowed "Autos". | $ ████ |
| **Physical Damage Towing And Labor** | 07 | $   SCHEDULE | For Each Disablement Of A Private Passenger Auto. | $ ████ |
| Terrorism | All | Per Coverage Endorsement | | $ ████ |
| | | **Premium For Endorsements** | $ | |
| | | **Estimated Total Premium*** | $ | |
| *This Policy May Be Subject To Final Audit. | | | | |

Includes copyrighted material of Insurance Services Office, Inc., with permission.

COMMERCIAL AUTO
CA 31 07 10 13

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NEW YORK SUPPLEMENTARY UNINSURED/UNDERINSURED MOTORISTS ENDORSEMENT

We, the company, agree with you, as the named insured, in return for payment of the premium for this coverage, to provide Supplementary Uninsured/Underinsured Motorists (SUM) coverage, subject to the following terms and conditions:

**INSURING AGREEMENTS**

**1. Definitions**

For purposes of this SUM endorsement, the following terms have the following meanings.

**a. Insured**

The unqualified term "insured" means:

**(1)** You, as the named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse;

**(2)** Any person while acting in the scope of that person's duties for you, except with respect to the use and operation by such person of a motor vehicle not covered under this policy, where such person is:

**(a)** Your employee and you are a fire department;

**(b)** Your member and you are a fire company, as defined in General Municipal Law section 100;

**(c)** Your employee and you are an ambulance service, as defined in Public Health Law section 3001; or

**(d)** Your member and you are a voluntary ambulance service, as defined in Public Health Law, section 3001;

**(3)** Any other person while occupying:

**(a)** A motor vehicle insured for SUM under this policy; or

**(b)** Any other motor vehicle while being operated by you or your spouse; and

**(4)** Any person, with respect to damages such person is entitled to recover, because of bodily injury to which this coverage applies sustained by an insured under Paragraph **(1)**, **(2)** or **(3)** above.

**b. Bodily Injury**

The term "bodily injury" means bodily harm, including sickness, disease or death resulting therefrom.

**c. Uninsured Motor Vehicle**

The term "uninsured motor vehicle" means a motor vehicle that, through its ownership, maintenance or use, results in bodily injury to an insured, and for which:

**(1)** No bodily injury liability insurance policy or bond applies to such vehicle (including a vehicle that was stolen, operated without the owner's permission, or unregistered) at the time of the accident; or

**(2)** Neither owner nor driver can be identified (including a hit-and-run vehicle), and which causes bodily injury to an insured by physical contact with the insured or with a motor vehicle occupied by the insured at the time of the accident, provided that:

**(a)** The insured or someone on the insured's behalf shall have reported the accident within 24 hours or as soon as reasonably possible to a police, peace or judicial officer or to the Commissioner of Motor Vehicles and shall have filed with the Company a statement under oath that the insured or the insured's legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and

© Insurance Services Office, Inc., 2013

**(b)** At the request of the Company, the insured or the insured's legal representative makes available for inspection the automobile the insured was occupying at the time of the accident; or

**(3)** There is a bodily injury liability insurance coverage or bond applicable to such motor vehicle at the time of the accident, but:

**(a)** The amount of such insurance coverage or bond is less than the third-party bodily injury liability limit of this policy; or

**(b)** The amount of such insurance coverage or bond has been reduced, by payments to other persons injured in the accident, to an amount less than the third-party bodily injury liability limit of this policy; or

**(c)** The insurer writing such insurance coverage or bond denies coverage, or such insurer is or becomes insolvent.

The term "uninsured motor vehicle" does not include a motor vehicle that is:

**(1)** Insured under the liability coverage of this policy; or

**(2)** Owned by you, as the named insured, or your spouse residing in your household; or

**(3)** Self-insured within the meaning of the financial responsibility law of the state in which the motor vehicle is registered, or any similar state or federal law, to the extent that the required amount of such coverage is equal to, or greater than, the third-party bodily injury liability limits of this policy; or

**(4)** Owned by the United States of America, Canada, a state, a political subdivision of any such government, or an agency of any of the foregoing; or

**(5)** A land motor vehicle or trailer, while located for use as a residence or premises and not as a vehicle, or while operated on rails or crawler-treads; or

**(6)** A farm type vehicle or equipment designed for use principally off public roads, except while actually upon public roads.

**d. Occupying**

The term "occupying" means in, upon, entering into, or exiting from a motor vehicle.

**e. State**

The term "state" includes the District of Columbia, a territory or possession of the United States, and a province of Canada.

**2. Damages For Bodily Injury Caused By Uninsured Motor Vehicles**

We will pay all sums that the insured or the insured's legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by an accident arising out of such uninsured motor vehicle's ownership, maintenance or use, subject to the Exclusions, Conditions, Limits and other provisions of this SUM endorsement.

**3. SUM Coverage Period And Territory**

This SUM coverage applies only to accidents that occur:

**a.** During the policy period shown in the Declarations; and

**b.** In the United States, its territories or possessions, or Canada.

## EXCLUSIONS

This SUM coverage does **not** apply:

**1.** To bodily injury to an insured, including care or loss of services recoverable by an insured, if such insured, such insured's legal representatives, or any person entitled to payment under this coverage, without our written consent, settles any lawsuit against any person or organization that may be legally liable for such injury, care or loss of services, but this provision shall be subject to Condition **10.**

**2.** To bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of this policy.

**3.** For non-economic loss, resulting from bodily injury to an insured and arising from an accident in New York State, unless the insured has sustained serious injury as defined in Section 5102(d) of the New York Insurance Law.

 © Insurance Services Office, Inc., 2013

## CONDITIONS

### 1. Policy Provisions

None of the Insuring Agreements, Exclusions or Conditions of the policy shall apply to this SUM coverage except: "Duties In The Event Of Accident, Claim, Suit Or Loss"; "Fraud"; and "Ending This Policy" if applicable.

### 2. Notice And Proof Of Claim

As soon as practicable, the insured or other person making claim shall give us written notice of claim under this SUM coverage.

As soon as practicable after our written request, the insured or other person making claim shall give us written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details we need to determine the SUM amount payable.

The insured and every other person making claim hereunder shall, as may reasonably be required, submit to examinations under oath by any person we name and subscribe the same. Proof of claim shall be made upon forms we furnish unless we fail to furnish such forms within 15 days after receiving notice of claim.

### 3. Medical Reports

The insured shall submit to physical examinations by physicians we select when and as often as we may reasonably require. The insured, or in the event of the insured's incapacity, such insured's legal representative (or in the event of such insured's death, the insured's legal representative or the person or persons entitled to sue therefor), shall upon each request from us authorize us to obtain relevant medical reports and copies of relevant records.

### 4. Notice Of Legal Action

If the insured or such insured's legal representative brings any lawsuit against any person or organization legally responsible for the use of a motor vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with the lawsuit shall be forwarded immediately to us by the insured or the insured's legal representative.

### 5. SUM Limit

The SUM limit payable under this SUM endorsement shall be:

a. The SUM limit stated in the Declarations; or

b. If the bodily injury results in death, we will provide a SUM limit of the higher of the SUM limit stated in the Declarations, or $50,000 for such bodily injury resulting in death sustained by one person as the result of any one accident and, subject to this per person limit, $100,000 for such bodily injury resulting in death sustained by two or more persons as the result of any one accident.

### 6. Maximum SUM Payments

Regardless of the number of insureds, our maximum payment under this SUM endorsement shall be the difference between:

a. The SUM limit; and

b. The motor vehicle bodily injury liability insurance or bond payments received by the insured or the insured's legal representative, from or on behalf of all persons that may be legally liable for the bodily injury sustained by the insured.

The SUM limit shown on the Declarations is the amount of coverage for all damages due to bodily injury in any one accident.

### 7. Non-Stacking

Regardless of the number of vehicles involved, persons covered, claims made, vehicles or premiums shown in this policy, or premium paid, the limits, whether for uninsured motorists coverage or supplementary uninsured/underinsured motorists coverage, shall never be added together or combined for two or more vehicles to determine the extent of insurance coverage available to an insured injured in the same accident.

### 8. Priority Of Coverage

If an insured is entitled to uninsured motorists coverage or supplementary uninsured/underinsured motorists coverage under more than one policy, the maximum amount such insured may recover shall not exceed the highest limit of such coverage for any one vehicle under any one policy, and the following order of priority shall apply:

a. A policy covering a motor vehicle occupied by the injured person at the time of the accident;

b. A policy covering a motor vehicle not involved in the accident under which the injured person is a named insured; and

c. A policy covering a motor vehicle not involved in the accident under which the injured person is an insured other than a named insured.

Coverage available under a lower priority policy applies only to the extent that it exceeds the coverage of a higher priority policy.

## 9. Exhaustion Required

Except as provided in Condition **10.,** we will pay under this SUM coverage only after the limits of liability have been used up under all motor vehicle bodily injury liability insurance policies or bonds applicable at the time of the accident in regard to any one person who may be legally liable for the bodily injury sustained by the insured.

## 10. Release Or Advance

In accidents involving the insured and one or more negligent parties, if such insured settles with any such party for the available limit of the motor vehicle bodily injury liability coverage of such party, release may be executed with such party after thirty calendar days actual written notice to us, unless within this time period we agree to advance such settlement amounts to the insured in return for the cooperation of the insured in our lawsuit on behalf of the insured.

We shall have a right to the proceeds of any such lawsuit equal to the amount advanced to the insured and any additional amounts paid under this SUM coverage. Any excess above those amounts shall be paid to the insured.

An insured shall not otherwise settle with any negligent party, without our written consent, such that our rights would be impaired.

## 11. Non-Duplication

This SUM coverage shall not duplicate any of the following:

**a.** Benefits payable under workers' compensation or other similar laws;

**b.** Non-occupational disability benefits under article nine of the Workers' Compensation Law or other similar law;

**c.** Any amounts recovered or recoverable pursuant to article fifty-one of the New York Insurance Law or any similar motor vehicle insurance payable without regard to fault;

**d.** Any valid or collectible motor vehicle medical payments insurance; or

**e.** Any amounts recovered as bodily injury damages from sources other than motor vehicle bodily injury liability insurance policies or bonds.

## 12. Arbitration

If any insured making claim under this SUM coverage and we do not agree that such insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, or do not agree as to the amount of payment that may be owing under this SUM coverage, then, at the option and upon written demand of such insured, the matter or matters upon which such insured and we do not agree shall be settled by arbitration, administered by the American Arbitration Association, pursuant to procedures prescribed or approved by the Superintendent of Financial Services for this purpose.

If, however, the maximum amount of SUM coverage provided by this endorsement equals the amount of coverage required to be provided by section 3420(f)(1) of the New York Insurance Law and Article 6 or 8 of the New York Vehicle and Traffic Law, then such disagreement shall be settled by such arbitration procedures upon written demand of either the insured or us.

Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof, and any such insured and we each agree to be bound by any award made by the arbitrator as to this SUM coverage. For purposes of this Condition, the term "insured" includes any person authorized to act on behalf of the insured.

## 13. Subrogation

If we make a payment under this SUM coverage, we have the right to recover the amount of this payment from any person legally responsible for the bodily injury or loss of the person to whom, or for whose benefit, such payment was made to the extent of the payment. The insured or any person acting on behalf of the insured must do whatever is necessary to transfer this right of recovery to us. Except as permitted by Condition **10.,** such person shall do nothing to prejudice this right.

## 14. Payment Of Loss By Company

We shall pay any amount due under this SUM coverage to the insured or, at our option, to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents.

 © Insurance Services Office, Inc., 2013 **CA 31 07 10 13**