# EXHIBIT K

EXHIBIT K-1

FILED: ERIE COUNTY CLERK 01/18/2018 02:45 PM INDEX NO. 800822/2018

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 3 of 46 PageID #: 242 RECEIVED NYSCEF: 01/18/2018

STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

---

**AMERICO PAOLUCCI**
21 Cailyn Way
Brockport, New York 14420

                Plaintiff,

vs.

**PHILADELPHIA INSURANCE
COMPANIES**
306 E. Lancaster Avenue
Wynnewood, PA 19096

**AND**

**PHILADELPHIA INDEMNITY
INSURANCE COMPANY**
One Bala Plaza, Suite 100
Bala Cynwyd, PA 19004

                Defendants.

**SUMMONS Served With
VERIFIED COMPLAINT**

Index No. _____

---

To the above named Defendant(s)

      YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon the Plaintiff's attorney, at the address stated below, a written Answer to the attached Complaint.

      If this Summons is served upon you within the State of New York by personal service you must respond within TWENTY (20) days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York you must respond within THIRTY (30) days after service is completed, as provided by law.

      If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

      This action is brought in the County of Erie because of:

[ ] Plaintiff's residence, or place of business;
[ ] Defendant's residence;
[X] Designation made by Plaintiff.

FILED: ERIE COUNTY CLERK 01/18/2018 02:45 PM INDEX NO. 800822/2018

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 4 of 46 PageID #: 243 RECEIVED NYSCEF: 01/18/2018

DATED:  January 17, 2018
          Williamsville, NY

By: _____
Brian G.  Stamm, Esq.
STAMM LAW FIRM
Attorneys for Plaintiff
1127 Wehrle Drive, Suite 100
Williamsville, New York 14221
(716) 631-5767

STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

_____

**AMERICO PAOLUCCI**
21 Cailyn Way
Brockport, New York 14420

                        Plaintiff,

vs.

**PHILADELPHIA INSURANCE
COMPANIES**
306 E. Lancaster Avenue
Wynnewood, PA 19096

**AND**

**PHILADELPHIA INDEMNITY
INSURANCE COMPANY**
One Bala Plaza, Suite 100
Bala Cynwyd, PA 19004

                        Defendants.

_____

                        **VERIFIED COMPLAINT**

                        Index No. _____

Plaintiff, AMERICO PAOLUCCI, by his attorneys, STAMM LAW FIRM, for his

Verified Complaint against the Defendants herein alleges:

      1.      That at all times hereinafter mentioned, the Plaintiff, AMERICO PAOLUCCI,

was a resident of the Village of Depew, County of Erie, and State of New York and is currently a

resident of the Village of Brockport, County of Monroe, and State of New York.

      2.      That the Defendants, PHILADELPHIA INSURANCE COMPANIES AND

PHILADELPHIA INDEMNITY INSURANCE COMPANY, were and still are insurance

corporations, duly organized and existing pursuant to the law of the State of Pennsylvania, with a

principal office located at 306 E. Lancaster Avenue, Wynnewood, Pennsylvania 19096 and One

Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004, respectively.

3. The Defendants, PHILADELPHIA INSURANCE COMPANIES AND PHILADELPHIA INDEMNITY INSURANCE COMPANY, issued an automobile insurance policy to SE Community Work Center d/b/a Southeast Works, the Plaintiff's employer, which contained a supplementary underinsured motorist coverage in the amount of $1,000,000.00.

4. Due to the fact that the Plaintiff, AMERICO PAOLUCCI, was working for and acting within the course and scope of his employment for his employer, SE Community Work Center d/b/a Southeast Works, and was operating the automobile with the consent and permission of the owner, said policy amount is applicable to the motor vehicle accident that occurred on February 23, 2015, wherein the Plaintiff, AMERICO PAOLUCCI, was severely and permanently injured due to the recklessness and negligence of John Sellick, who resides in Depew, New York.

5. The Plaintiff, AMERICO PAOLUCCI, recovered the full policy limits from John Sellick's insurance carrier, MetLife Auto & Home, which was a total of $100,000.00. The Plaintiff has then continued to pursue his claim for the underinsurance coverage with PHILADELPHIA INSURANCE COMPANIES and PHILADELPHIA INDEMNITY INSURANCE COMPANY as described above. However, the Defendants, PHILADELPHIA INSURANCE COMPANIES and PHILADELPHIA INDEMNITY INSURANCE COMPANY, have not satisfactorily provided any portion of the $900,000.00 in remaining coverage to the Plaintiff, AMERICO PAOLUCCI, to fully compensate him for his severe and permanent injuries.

6. As a result, the Defendants, PHILADELPHIA INSURANCE COMPANIES and PHILADELPHIA INDEMNITY INSURANCE COMPANY, have breached their contract and obligations to the Plaintiff, AMERICO PAOLUCCI, in the amount of NINE HUNDRED THOUSAND ($900,000.00) Dollars plus costs of disbursements of this action.

7.      The judgment demanded for in this case exceeds the jurisdictional limits of any other court that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION,
## THE PLAINTIFF, AMERICO PAOLUCCI,
## HEREIN ALLEGES:

8.      Plaintiff repeats and realleges paragraphs "1" through "7" as if fully set forth herein.

9.      Defendants, PHILADELPHIA INSURANCE COMPANIES and PHILADELPHIA INDEMNITY INSURANCE COMPANY, have failed to comply with the demands under their policy.

10.     As a direct consequence of John Sellick's negligence in this regard, the Plaintiff, AMERICO PAOLUCCI, has and will suffer damages in an amount of NINE HUNDRED THOUSAND ($900,000.00) Dollars.

WHEREFORE, the Plaintiff, AMERICO PAOLUCCI, demands judgment against the Defendants, PHILADELPHIA INSURANCE COMPANIES and PHILADELPHIA INDEMNITY INSURANCE COMPANY, on his first cause of action in a sum to be later determined by the Court and on his second cause of action in a sum to be later determined by the Court, together with the costs and disbursements of this action.

DATED:      January 17, 2018
            Williamsville, NY

                                    Yours, etc.

                                    By: _____
                                    Brian G. Stamm, Esq.
                                    STAMM LAW FIRM
                                    Attorneys for Plaintiff
                                    1127 Wehrle Drive, Suite 100
                                    Williamsville, NY 14221
                                    (716)631-5767

FILED: ERIE COUNTY CLERK 01/18/2018 02:45 PM    INDEX NO. 800822/2018

NYSCEF DOC. NO. 1    Case 1:19-cv-01301-RLM    Document 28-13    Filed 07/12/19    Page 8 of 46 PageID #: 247    RECEIVED NYSCEF: 01/18/2018

STATE OF NEW YORK        }                    _INDIVIDUAL VERIFICATION_
COUNTY OF ERIE           } ss.:
TOWN OF AMHERST          }


        AMERICO PAOLUCCI, being duly sworn, deposes and says: that deponent is the Plaintiff in the within action; that deponent has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.


                                    _____
                                    **AMERICO PAOLUCCI**


Sworn to before me this 18
day of JANUARY , 2018.

_____
Notary Public State of New York
My commission expires  2-13-18
Originally qualified in ERIE County.

                            DIANA MARIE KUBISTY
                            No. 01KU6140512
                            Notary Public, State of New York
                            Qualified in Erie County
                            My Commission Expires 02/13/ 2018

# EXHIBIT K-2

FILED: BRONX COUNTY CLERK 02/16/2018 12:34 PM

INDEX NO. 22039/2018E

NYSCEF DOC. NO. 1    Case 1:19-cv-01301-RLM    Document 28-13    Filed 07/12/19    Page 10 of 46 PageID #: 240    RECEIVED NYSCEF: 02/21/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------x
ANDREA CORNACHIO,

                        Plaintiff,

              -against-

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

                        Defendant.

--------------------------------------------------------------------------x

**SUMMONS**

Index No.:

Date filed:

TO THE ABOVE NAMED DEFENDANT(s):

        YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on plaintiff's attorneys within twenty (20) days after service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

        The basis of venue is plaintiff's residence.

        Plaintiff resides at 31 Popular Avenue, Bronx, New York 11465

DATED:      Mineola, New York
               February 15, 2018

                               Yours, etc.,

                               DUSTIN A. LEVINE, ESQ.
                               ANCONA ASSOCIATES
                               Attorney for Plaintiff(s) Andrea Cornachio
                               *Office and Mailing Address:*
                               *220 Old Country Road*
                               Mineola, New York 11501
                               (516) 739-1803

DEFENDANT'S ADDRESS(ES):

58 S. Service Road
Suite 420
Melville, New York 11747

FILED: BRONX COUNTY CLERK 02/16/2018 12:34 PM INDEX NO. 22039/2018E

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 11 of 46 PageID #: 250 RECEIVED NYSCEF: 02/21/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------------------------------x

ANDREA CORNACHIO,

Plaintiff,

-against-

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

Defendant.

--------------------------------------------------------------------------x

**VERIFIED**
**COMPLAINT**

Index #

Plaintiff, by her attorney, LAW OFFICES OF ANCONA ASSOCIATES, complaining of the defendant herein, as and for a cause of action, respectfully show(s) to this Court and alleges upon information and belief as follows:

1.     That at all times hereinafter mentioned, the plaintiff ANDREA CORNACHIO was and still is a resident of the County of Bronx, City and State of New York.

2.     That on April 30, 2014, and at all times hereinafter mentioned, the plaintiff was the operator of a motor vehicle bearing license plate number DMC1122, State of New York, with the permission and consent of the owner, Damon House New York, Inc., either express or implied.

3.     That on April 30, 2014, and at all times hereinafter mentioned, Marta Lynn Granteed was the owner of a motor vehicle bearing license plate number GHN8736, State of NewYork.

4.     That on April 30, 2014, and at all times hereinafter mentioned, Samuel Santana was the operator of a  motor vehicle bearing license plate number GHN8736, State of New York, with the permission and consent of the owner, Marta Lynn Granteed, either express or implied.

FILED: BRONX COUNTY CLERK 02/16/2018 12:34 PM INDEX NO. 22039/2018E

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 12 of 46 PageID #: 251 RECEIVED NYSCEF: 02/21/2018

5.      That at all times hereinafter mentioned, westbound Bruckner Expressway at/or 100 feet east of Leland Avenue, Bronx, New York was and still is, a public highway in use by the residents of the State of New York and others.

6.      That on April 30, 2014, the operator Samuel Santana while fleeing from the scene of law enforcement in pursuit of arrest and struck the plaintiff's motor vehicle at the aforesaid location.

7.      That on April 30, 2014, at the aforesaid location, the aforesaid motor vehicles were in contact.

8.      That on February 25, 2016, by certified record, the New York State Department of Motor Vehicles deemed that the vehicle owned by Marta Lynn Granteed and operated by Samuel Santana did not have Insurance Coverage in effect on the aforesaid date of accident.

9.      That because of the above-mentioned occurrence, plaintiff was caused to sustain serious personal injuries and to have suffered shock, pain and mental anguish and, upon information and belief, all of plaintiff's injuries and their effects will be permanent; and that as a result of said injuries plaintiff has been and will continue to be obliged to incur expenses for medical care and attention; and plaintiff has been and will continue to be rendered unable to perform plaintiff's normal activities and has sustained a resultant loss therefrom.

10.     That plaintiff has sustained a serious injury as defined in Subsection (d) of Section 5102 of the Insurance Law of the State of New York.

11.     This action falls within one or more of the exceptions set forth in CPLR Section 1601.

12.     That pursuant to the insurance policy number PHPK943128, issued by the defendant in the State of New York, the defendant contracted to insure Damon House New York, Inc., the vehicle operated by plaintiff, for the period including April 30, 2014.

13.     That pursuant to said policy, defendant contracted with its insured to provide uninsured motorist coverage.

FILED: BRONX COUNTY CLERK 02/16/2018 12:34 PM INDEX NO. 22039/2018E

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 13 of 46 PageID #: 252 RECEIVED NYSCEF: 02/21/2018

14. That pursuant to said insurance policy defendant contracted to provide uninsured motorist coverage limits of $1,000,000.00.

15. That in breach of the aforesaid insurance policy/contract, defendant has failed and refused to adjust and pay the full value of plaintiff's insured motorist claim.

16. That as a result of the foregoing, the plaintiff has sustained damages in accordance with the above allegations and prays for relief commensurate therewith.

**WHEREFORE,** plaintiff ANDREA CORNACHIO demands judgment against the defendant in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with the interest, cost and disbursements of this action.

Dated: Mineola, New York
February 15, 2018

Yours, etc.,

DUSTIN A. LEVINE, ESQ.
ANCONA ASSOCIATES
Attorney for Plaintiff(s) Andrea Cornachio
*Office and Mailing Address:*
220 Old Country Road
Mineola, New York 11501
(516) 739-1803

FILED: BRONX COUNTY CLERK 02/16/2018 12:34 PM INDEX NO. 22039/2018E

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 14 of 46 PageID #: 253 RECEIVED NYSCEF: 02/21/2018

## ATTORNEY AFFIRMATION\VERIFICATION

STATE OF NEW YORK }

           } ss:

COUNTY OF NASSAU

    I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: Mineola, New York
      February 15, 2018

_____
DUSTIN A. LEVINE, ESQ,

File #:

Index #:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

ANDREA CORNACHIO,

                              Plaintiff,

        -- Against --

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

                              Defendant.

**SUMMONS WITH VERIFIED COMPLAINT**

DUSTIN A. LEVINE, ESQ.
ANCONA ASSOCIATES
Attorney for Plaintiff(s) ANDREA CORNACHIO
220 Old Country Road
Mineola New York 11501
(516) 739-1803

# EXHIBIT K-3

FILED: SUFFOLK COUNTY CLERK 08/22/2018 09:39 AM   INDEX NO. 616641/2018

NYSCEF DOC. NO. 1   Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 17 of 46 PageID #: 256   RECEIVED NYSCEF: 08/22/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BONNIE R. SCHREIBER,

                  Plaintiff(s),

        - against -

PHILADELPHIA INDEMNITY INSURANCE
COMPANY and ALLSTATE INSURANCE
COMPANY,

                  Defendant(s),

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TO THE ABOVE-NAMED DEFENDANT(S):

Fee Paid ____
Suffolk County Clerk
Plaintiff(s) designate(s)
Suffolk as the place of trial

The basis of the venue is
Plaintiff's Residence

## *SUMMONS*

Plaintiff(s) reside(s) at
3003 Eagle Avenue
Medford, New York 11763

County of Suffolk

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Melville, New York
       April 3, 2018

Defendant(s) Address:

**PHILADELPHIA INDEMNITY
INSURANCE COMPANY
One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004**

**ALLSTATE INSURANCE COMPANY
878 Veterans Memorial Highway
Hauppauge, New York 11788**

STEVEN D. DOLLINGER & ASSOCIATES
Attorneys for Plaintiff(s)-Bonnie R. Schreiber
**Mailing Address:**
**Post Office Box 369**
**Huntington Station, New York 11746**
Office Address:
5 Threepence Drive
Melville, New York 11747
(631) 243-3709

FILED: SUFFOLK COUNTY CLERK 08/22/2018 09:39 AM    INDEX NO. 616641/2018

NYSCEF DOC. NO. 1   Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 18 of 46 PageID #: 257   RECEIVED NYSCEF: 08/22/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BONNIE R. SCHREIBER,                                        Index No.:

                        Plaintiff(s),

            - against -                                **VERIFIED**
                                                       **COMPLAINT**

PHILADELPHIA INDEMNITY INSURANCE
COMPANY and ALLSTATE INSURANCE
COMPANY,

                        Defendant(s),

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

            Plaintiff(s), BONNIE R. SCHREIBER, by her attorneys, STEVEN D. DOLLINGER &

ASSOCIATES, complaining of the defendant(s), PHILADELPHIA INDEMNITY INSURANCE

COMPANY and ALLSTATE INSURANCE COMPANY, alleges:

            1.      At all times hereinafter mentioned, the plaintiff(s), BONNIE R. SCHREIBER, is and

continues to be a resident of the County of Suffolk, State of New York.

            2.      Upon information and belief, at all times hereinafter mentioned, the defendant(s),

PHILADELPHIA INDEMNITY INSURANCE COMPANY, is authorized to do business in the State

of New York and in fact does business in the State of New York.

            3.      Upon information and belief, at all times hereinafter mentioned, the defendant(s),

ALLSTATE INSURANCE COMPANY, is authorized to do business in the State of New York and in

fact does business in the State of New York.

            4.      That plaintiff(s), BONNIE R. SCHREIBER, on May 24, 2016, at approximately 11:49,

was a passenger in a 2014 Hyundai, four (4) door sedan, registered to E-Z Dual Control, Inc., and insured

by defendant(s), PHILADELPHIA INDEMNITY INSURANCE COMPANY.

            5.      That on said date and time, plaintiff(s), BONNIE R. SCHREIBER, was

FILED: SUFFOLK COUNTY CLERK 08/22/2018 09:39 AM   INDEX NO. 616641/2018

NYSCEF DOC. NO. 1   Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 19 of 46 PageID #: 258   RECEIVED NYSCEF: 08/22/2018

involved in an automobile accident, on public roadway known as Riverside Avenue, 100 feet east of Market Street, Town of Brookhaven, County of Suffolk, State of New York.

6.　Due to the severe injuries sustained by the plaintiff(s), BONNIE R. SCHREIBER, there is exposure of the insured's uninsured/underinsured automobile policy.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT(S) PHILADELPHIA INDEMNITY INSURANCE COMPANY

7.　The plaintiff(s), BONNIE R. SCHREIBER, placed defendant(s), PHILADELPHIA INDEMNITY INSURANCE COMPANY, on notice of this accident.

8.　That the insured, E-Z Dual Control, Inc., was issued an insurance policy by PHILADELPHIA INDEMNITY INSURANCE COMPANY, under policy number PHPK1244664, and was effective from October 23, 2015 through October 23, 2016, claim number issued under said policy is 987210.

9.　The plaintiff(s) makes claim for uninsured/underinsured motorist benefits in the sum of what is believed to be ONE MILLION DOLLARS AND 00/100 ($1,000,000.00).

10.　The defendant(s), PHILADELPHIA INDEMNITY INSURANCE COMPANY, violated said policy agreement by not adjusting said claim, pursuant to Regulation 35D of the Insurance Law of The State of New York.

11.　This lawsuit is commenced within the appropriate time frame.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT(S) ALLSTATE INSURANCE COMPANY

12.　This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 11 of the complaint inclusive with the same force and effect as those said paragraphs were more fully and completely set forth herein at length.

13.　The plaintiff(s), BONNIE R. SCHREIBER, placed defendant(s), ALLSTATE INSURANCE COMPANY, on notice of this accident.

FILED: SUFFOLK COUNTY CLERK 08/22/2018 09:39 AM   INDEX NO. 616641/2018

NYSCEF DOC. NO. 1   Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 20 of 46 PageID #: 258   RECEIVED NYSCEF: 08/22/2018

14.   That the insured plaintiff(s), BONNIE R. SCHREIBER,  was issued an insurance policy by ALLSTATE INSURANCE COMPANY, under policy number 933883666, and was effective from April 12, 2016 through October 12, 2016, claim number issued under said policy is 0416652931.

15.   The plaintiff(s) makes claim for uninsured/underinsured  motorist benefits in the sum of what is believed to be ONE HUNDRED THOUSAND DOLLARS AND 00/100 ($100,000.00)

16.   The defendant(s), ALLSTATE INSURANCE COMPANY, violated said policy agreement by not adjusting said claim, pursuant to Regulation 35D of the Insurance Law of The State of New York.

17.   This lawsuit is commenced within the appropriate time frame.

WHEREFORE,  it is respectfully requested that Judgment be issued in favor of the plaintiff(s), BONNIE R. SCHREIBER, against defendant(s), PHILADELPHIA INDEMNITY INSURANCE COMPANY, on the First Cause of Action, and it is respectfully requested that Judgment be issued in favor of the plaintiff(s), BONNIE R. SCHREIBER, against defendant(s), ALLSTATE INSURANCE COMPANY, on the Second Cause of Action  and that the rights and obligations of the parties be decided by this Court.

Dated: Melville, New York
       April 3, 2018

                                 STEVEN D. DOLLINGER & ASSOCIATES
                                 Attorneys for Plaintiff(s)-Bonnie R. Schreiber
                                 **Mailing Address:**
                                 **Post Office Box 369**
                                 **Huntington Station, New York 11746**
                                 Office Address:
                                 5 Threepence Drive
                                 Melville, New York 11747
                                 (631) 243-3709

# VERIFICATION

STATE OF NEW YORK     )
                      )  ss.:
COUNTY OF SUFFOLK     )

    **BONNIE R. SCHREIBER,** being duly sworn, deposes and says:  deponent is the Plaintiff in the

within action; deponent has read the foregoing Complaint and knows the contents thereof; the same is

true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information

and belief, and as to those matters, deponent believes it to be true.

        The grounds of deponent's belief as to the matters not stated upon her knowledge is as

follows: deponent's personal knowledge of the within action.

X_____

**BONNIE SCHREIBER**

Sworn to before me this

11th   Day of  May  , 2018

_____
Notary Public

MARILYN FABRY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01FA6369228
Qualified in Suffolk County
Commission Expires January 2, 2022

16-028

INDEX NO.:
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

---

**BONNIE SCHREIBER,**

                    Plaintiff(s),

          -against-

**PHILADELPHIA INDEMNITY INSURANCE COMPANY and ALLSTATE INSURANCE COMPANY,**

                    Defendant(s),

---

**CERTIFICATION PURSUANT TO PART 130**
**By:** _____
Steven D. Dollinger, Esq.

**SUMMONS AND VERIFIED COMPLAINT**

---

**Steven D. Dollinger & Associates**
**Attorneys for Plaintiff**
*Office , Telephone*
**5 Threepence Drive**
**Melville, New York 11747**
**Tel: (631) 243-3709**
**Mailing Address**
**Post Office Box 369**
**Huntington Station, New York 11746**

---

**To:**

---

**Attorney for Defendant -**

**Service of a copy of the within**                                        **is hereby admitted.**

Dated,                              ...........................................................
                                    Attorney(s) for

---

SIR: Please take notice
☐**NOTICE OF ENTRY**
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on                **2018**
☐**NOTICE OF SETTLEMENT**
that an order                              of which the within is a true copy will be presented for
settlement to the HON.                    one of the judges
of the within named Court, at
on      2018   at

                              **STEVEN D. DOLLINGER & ASSOCIATES**
                              *Attorney for Plaintiff(s)*
                              *Office Address:*
                              5 Threepence Drive
                              Melville, New York 11747
                              Tel: (631) 243-3709
                              **Mailing Address**
                              **Post Office Box 369**
                              **Huntington Station, New York 11746**

# EXHIBIT K-4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------------X

MIGUEL ABAD,                                                   Index No.:

        Plaintiff,

    -against-                                          **SUMMONS**

                          The basis of Venue is the
PHILADELPHIA INDEMNITY INSURANCE         residence of the Plaintiff who
COMPANY, and PHILADELPHIA INSURANCE      resides at 31 North Street, Bronx
COMPANIES                                                      NY 10468

        Defendant.
----------------------------------------------------------------------X

To the above-named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a Notice of
Appearance, on the Plaintiff Attorneys within 20 days after service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if the summons is not
personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Brooklyn, New York,
      March 10th, 2018

                                    BLANK & STAR, PLLC
                                    Attorney for Plaintiffs
                                    387 New Lots Avenue
                                    Brooklyn, New York 11207
                                    Tel.: (718) 498-3333

FILED: BRONX COUNTY CLERK 03/15/2018 06:04 PM          INDEX NO. 23068/2018E

NYSCEF DOC. NO. 1   Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 25 of 46 PageID #: 264   RECEIVED NYSCEF: 03/15/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
MIGUEL ABAD,                                                 Index No.:

       Plaintiff,

     -against-                                        **COMPLAINT**

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, and PHILADELPHIA INSURANCE
COMPANIES

       Defendant.
--------------------------------------------------------------------X

The Plaintiff, by his attorneys, **BLANK & STAR, PLLC**, complaining of the Defendant,

respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST PHILADELPHIA INDEMNITY INSURANCE COMPANY

1.    At all times mentioned herein, Plaintiff was, and still is, a resident of the County of

Bronx, State of New York.

2.    At all times hereinafter mention, the Defendant, PHILADELPHIA INDEMNITY

INSURANCE COMPANY, is a corporation licensed to do business in the State of New York,

and is in the business of, among other things, providing insurance coverage.

3.    At all times mentioned herein, Defendant, PHILADELPHIA INDEMNITY

INSURANCE COMPANY, was a foreign corporation duly authorized to conduct business in the

State of New York.

4.    At all times mentioned herein, Defendant, PHILADELPHIA INDEMNITY

INSURANCE COMPANY does business in the State of New York as "PHILADELPHIA

INSURANCE COMPANIES".

FILED: BRONX COUNTY CLERK 03/15/2018 06:04 PM INDEX NO. 23068/2018E

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 26 of 46 PageID #: 265 RECEIVED NYSCEF: 03/15/2018

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST PHILADELPHIA INSURANCE COMPANIES

5.    At all times mentioned herein, Defendant, PHILADELPHIA INSURANCE COMPANIES, was a foreign corporation duly authorized to conduct business in the State of New York.

6.    At all times mentioned herein, Defendant, PHILADELPHIA INSURANCE COMPANIES does business in the State of New York as "PHILADELPHIA INDEMNITY INSURANCE COMPANIES"

7.    At all times hereinafter mention, the Defendant, PHILADELPHIA INSURANCE COMPANIES, is a corporation licensed to do business in the State of New York, and is in the business of, among other things, providing insurance coverage.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

8.    In connection with such business, the Defendants issued and administered policies of automobile insurance which provide coverage for claims arising out of motor vehicle collisions, in particular for claims of loss, damage and/or injury.

9.    In connection with its business, Defendants issued an insurance policy under policy number PHPK1197159 to THE INSTITUTE OF APPLIED HUMAN DYNAMICS, insuring the vehicle operated by Plaintiff, MIGUEL ABAD for the period of July 1st, 2014 through July 1st, 2015, covering a certain 2013 Ford motor vehicle.

10.    Pursuant to said policy, in consideration of certain sums of money duly paid to Defendant(s) as premiums, Defendant(s) provided the Plaintiff with Supplementary Uninsured/Underinsured Motorist coverage in the amount of at least 1 Million Dollars ($1,000,000.00) per person and at least 1 Million Dollars ($1,000,000.00) per occurrence.

Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 27 of 46 PageID #: 266

11.    Said policy (hereinafter "the Policy"), was valid and in effect on March 30th, 2015.

12.    On March 30th, 2015, Plaintiff operated the aforesaid insured motor vehicle on the Grand Concourse Avenue at its intersection with E 179th Street, County of Bronx, State of New York.

13.    On March 30th, 2015, the insured motor vehicle that the Plaintiff occupied was in contact with a second motor vehicle, which vehicle, upon information and belief, was owned and operated by tortfeasor, KERRY BRETON.

14.    The said occurrence was duly reported to the proper police authorities on the same day, and in any event, within twenty four hours of the said occurrence.

15.    The aforesaid occurrence was caused wholly and solely by reason of the negligence of the operator of the second motor vehicle, without any fault or negligence on the part of Plaintiff contributing thereto.

16.    Plaintiff timely and duly made claim to the Defendant under the Supplementary Uninsured/Underinsured motorist provisions of the Policy.

17.    Plaintiff has in all relevant respects complied with all the relevant provisions of the Policy.

18.    Plaintiff commenced legal action against tortfeasor, KERRY BRETON, and on or about August 7th, 2017, the tortfeasor's insurance carrier, Travelers Insurance Company, tendered the entire limits of its insurance coverage, in the amount of $100,000.00.

19.    By tendering the entire limits of its insurance coverage, the tortfeasor's coverage with Travelers Insurance Company was exhausted.

20.    Plaintiff duly notified Defendant of the tender of the insurance coverage, and obtained the Defendant's consent on or about September 5th, 2017, to the settlement with

FILED: BRONX COUNTY CLERK 03/15/2018 06:04 PM INDEX NO. 23068/2018E

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 28 of 46 PageID #: 267 RECEIVED NYSCEF: 03/15/2018

KERRY BRETON.

21.   Plaintiff is entitled to recover under the Policy by reason of the injuries he has sustained as a result of the said March 30th, 2015 occurrence involving an underinsured vehicle.

22.   Defendant has wholly refused, failed and neglected to make any adjustments of plaintiff's claim.

23.   By failing to adjust or make any payments on plaintiff's claim under the Policy, Defendant breached the provisions of its insurance contract.

## AS AND FOR A FOURTH CAUSE OF ACTION

24.   Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs A1 through A23  inclusive with the same force and effect as if hereinafter set forth at length.

25.   As a result of the aforesaid contact, Plaintiff was injured.

26.   As a result of the aforesaid occurrence, Plaintiff sustained a serious personal injury as defined in Section 5102(d) of the Insurance Law and/or economic loss greater than a basic economic loss as defined in Section 5102(a) of the Insurance Law.

27.   Plaintiff was seriously injured.

28.   Pursuant to Section 3420(f)(2) of the Insurance Law, Section 5102 of the Insurance Law does not apply to this action.

29.   Upon information and belief, pursuant to Defendant's insurance contract, Section 5102 of the Insurance Law does not apply to this action.

30.   This action falls within one or more of the exceptions set forth in CPLR 1602 including, but not limited to CPLR 1602 (2), (6) and (7).

28.     By reason of the foregoing, Plaintiff has been damaged in the sum of FIVE

FILED: BRONX COUNTY CLERK 03/15/2018 06:04 PM INDEX NO. 23068/2018E

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 29 of 46 PageID #: 268 RECEIVED NYSCEF: 03/15/2018

MILLION DOLLARS ($5,000,000.00), together with the costs and disbursements of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants on the FIRST, SECOND, THIRD and FOURTH Causes of actions in the sum of FIVE MILLION DOLLARS ($5,000,000.00), together with the costs and disbursements of this action.

Yours, etc.

BLANK & STAR, PLLC
Attorneys for Plaintiff
387 New Lots Avenue
Brooklyn, New York 11207
(718) 498-3333

FILED: BRONX COUNTY CLERK 03/15/2018 06:04 PM INDEX NO. 23068/2018E

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 30 of 46 PageID #: 269 RECEIVED NYSCEF: 03/15/2018

## ATTORNEY VERIFICATION

I, the undersigned, an attorney admitted to practice in the courts of New York State, affirms the following statements to be true under the penalties of perjury:

1.     I am the attorney of record for the plaintiff(s) in the within action.

2.     I have read the foregoing Summons and Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

3.     The reason this verification is made by me and not by the plaintiff (s) is because the plaintiff reside(s) without the County where I maintain my office.

4.     The grounds of my belief as to all matters not stated upon my own knowledge are conversations with the plaintiff and/or review of notes, reports, records and memoranda contained in the file maintained by my office.

Dated: Brooklyn, New York
March 13th, 2018

**Scott Star, Esq.**
Blank & Star, PLLC
Attorneys for Plaintiff
387 New Lots Avenue
Brooklyn, NY 11207
718-498-3333

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
MIGUEL ABAD,                                                    Index No.:

       Plaintiff,

    -against-                                              **SUMMONS AND
                                       COMPLAINT**

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, and PHILADELPHIA INSURANCE
COMPANIES

       Defendant.
-------------------------------------------------------------------X

---

## SUMMONS AND COMPLAINT

---

BLANK & STAR, PLLC
Attorneys for Plaintiff
387 New Lots Avenue
Brooklyn, NY 11207
718 498-3333

EXHIBIT K-5

FILED: QUEENS COUNTY CLERK 08/07/2018 04:26 PM
INDEX NO. 712222/2018

NYSCEF DOC. NO. 1    Case 1:19-cv-01301-RLM    Document 28-13    Filed 07/12/19    Page 33 of 46 PageID #: 273    RECEIVED NYSCEF: 08/07/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X

SIDDARTHA G. PERSAUD,

                                           Plaintiff,

               -against-

PHILADELPHIA INDEMNITY INSURANCE COMPANY

                                           Defendant.

-------------------------------------------------------------------X

Index No.:
Date Purchased
**SUMMONS**

Plaintiff designates Queens County
as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
107-22 77TH Street
Ozone Park, N.Y. 11417

County of Queens

**To the above named Defendant:**

    **You are hereby summoned** to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Forest Hills, New York
      August 7, 2018

                    Yours, etc.,

                    NICK GJELAJ, ESQ.
                    MULLANEY & GJELAJ, PLLC
                    *Attorneys for Plaintiff*
                    SIDDARTHA G. PERSAUD
                    100-09 Metropolitan Avenue
                    Forest Hills, New York 11375
                    (718) 821-8100

TO:    PHILADELPHIA INDEMNITY INSURANCE COMPANY

SERVICE ADDRESS
58 S. Service Road, Suite 420
Melville, New York 11747

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
SIDDARTHA G. PERSAUD,

                             Plaintiff,

                -against-
PHILADELPHIA INDEMNITY INSURANCE
COMPANY

                           Defendant.
-------------------------------------------------------------------X

Index No.:
Date Purchased

**VERIFIED COMPLAINT**

        The Plaintiff, by his attorneys, **MULLANEY & GJELAJ, PLLC**, complaining of the

Defendant, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

        1.      At all times mentioned herein, Plaintiff was, and still is, a resident of the County of

Queens, State of New York.

        2.      The Defendant is a corporation licensed to do business in the State of New York,

and is in the business of, among other things, providing insurance coverage.

        3.      At all times mentioned herein, Defendant was a foreign corporation duly

authorized to conduct business in the State of New York.

        4.      At all times mentioned herein, Defendant does business in the State of New York

as "Philadelphia Indemnity Insurance Co.".

        5.      In connection with such business, the Defendant issues and administers policies of

automobile insurance which provide coverage for claims arising out of motor vehicle collisions,

in particular for claims of loss, damage and/or injury.

FILED: QUEENS COUNTY CLERK 08/07/2018 04:26 PM
INDEX NO. 712222/2018

NYSCEF DOC. NO. 1
Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 35 of 46 PageID #: 274
RECEIVED NYSCEF: 08/07/2018

6.      In connection with its business, Defendant issued an insurance policy, under policy number PHPK1624529 to SHELTERING ARMS CHILDREN AND FAMILY, thereby insuring the vehicle operated by Plaintiff, **SIDDARTHA G. PERSAUD**, for the period of March 16, 2017 through March 16, 2018, covering a certain commercial vehicle.

7.      Pursuant to said policy, in consideration of certain sums of money duly paid to Defendant as premiums, Defendant provided the Plaintiff with Supplementary Uninsured Underinsured Motorist coverage in the amount of $1,000,000 and an excess of $10,000,000 of Supplementary Underinsured per occurrence.

8.      Said policy (hereinafter "the Policy"), was valid and in effect on December 5, 2017.

9.      On December 5, 2017, Plaintiff operated the aforesaid insured motor vehicle on Atlantic Avenue, at its intersection with 108th Street, County of Queens, State of New York.

10.     On December 5, 2017, the insured motor vehicle that the Plaintiff occupied was in contact with a second motor vehicle, which vehicle, upon information and belief, was owned by tortfeasor and driven by JOSE ALVAREZ-AGUILAR.

11.     The said occurrence was duly reported to the proper police authorities on the same day, and in any event, within twenty four hours of the said occurrence.

12.     The aforesaid occurrence was caused wholly and solely by reason of the negligence of the operator of the second motor vehicle, without any fault or negligence on the part of Plaintiff contributing thereto.

13.     Plaintiff timely and duly made claim to the Defendant under the Supplementary Uninsured/Underinsured motorist provisions of the Policy.

Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 36 of 46 PageID #: 276

14.     Plaintiff has in all relevant respects complied with all the relevant provisions of the Policy.

15.     That on or about March 28, 2018, the insurance carrier for JOSE ALVAREZ AGUILAR tendered the entire limits of its insurance coverage in the amount of Twenty Five Thousand Dollars ($25,000.00), with JOSE ALVAREZ, and driven by JOSE ALVAREZ AGUILAR, provided an affidavit of no excess insurance coverage thereafter.

16.     By tendering the entire limits of its insurance coverage, the tortfeasor's coverage with Geico General Insurance Company was exhausted.

17.     Plaintiff duly notified Defendant of the tender of the insurance coverage, and obtained the Defendant's consent, to the settlement with JOSE ALVAREZ AGUILAR by letter dated March 28, 2018.

18.     Plaintiff is entitled to recover under the Policy by reason of the injuries he has sustained as a result of the said December 5, 2017 occurrence involving an underinsured vehicle.

19.     Defendant has wholly refused, failed and neglected to make any adjustments of Plaintiff's claim.

20.     By failing to adjust or make any payments on plaintiff's claim under the Policy, Defendant breached the provisions of its insurance contract.

## AS AND FOR A SECOND CAUSE OF ACTION

21.     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs 1 through 20 inclusive with the same force and effect as if hereinafter set forth at length.

22.     As a result of the aforesaid contact, Plaintiff was injured.

23.     As a result of the aforesaid occurrence, Plaintiff sustained a serious personal injury as defined in Section 5102(d) of the Insurance Law and/or economic loss greater than a

basic economic loss as defined in Section 5102(a) of the Insurance Law.

24. Plaintiff was seriously injured.

25. Pursuant to Section 3420(f)(2) of the Insurance Law, Section 5102 of the Insurance Law does not apply to this action.

26. Upon information and belief, pursuant to Defendant's insurance contract, Section 5102 of the Insurance Law does not apply to this action.

27. This action falls within one or more of the exceptions set forth in CPLR Section 1602 including, but not limited to Section 1602 (2), (6) and (7).

28. By reason of the foregoing, Plaintiff has been damaged in the sum of FIVE MILLION DOLLARS ($5,000,000.00), together with the costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands judgment against the Defendant on his First and Second Causes of Action in the sum of SIX -MILLION DOLLARS ($6,000,000.00), together with the costs and disbursements of this action.

Dated: Forest Hills, New York
August 7, 2018

Yours, etc.

NICK GJELAJ, ESQ.
Mullaney and Gjelaj, PLLC
Attorneys for Plaintiff
SIDDARTHA G. PERSAUD
100-09 Metropolitan Avenue
Forest Hills, New York 11375
(718) 821-8100

FILED: QUEENS COUNTY CLERK 08/07/2018 04:26 PM INDEX NO. 712222/2018

NYSCEF DOC. NO. 1 Case 1:19-cv-01301-RLM Document 28-13 Filed 07/12/19 Page 38 of 46 PageID #: 277 RECEIVED NYSCEF: 08/07/2018

# **VERIFICATION**

**STATE OF NEW YORK}**

**COUNTY OF** Queens **}** **ss.:}**

Siddartha G. Persaud , **BEING DULY SWORN DEPOSES AND SAYS: THAT DEPONENT IS THE PLAINTIFF IN THE WITHIN ACTION; THAT DEPONENT HAS READ THE FOREGOING** Summons & Verified Complaint **AND KNOWS THE CONTENTS THEREIN STATED TO BE ALLEGED UPON INFORMATION AND BELIEF, AND THAT AS TO THOSE MATTERS DEPONENT BELIEVES IT TO BE TRUE.**

X _____

**SWORN TO BEFORE ME THIS**
**7th DAY OF** August

_____
**NOTARY PUBLIC**

Nikolla Gjelaj
Notary Public State of New York
No.02GJ6070762
Qualified in Westchester County
Commission Expires March 11, 20 22

FILED: QUEENS COUNTY CLERK 08/07/2018 04:26 PM
INDEX NO. 712222/2018

NYSCEF DOC. NO. 1    Case 1:19-cv-01301-RLM    Document 28-13    Filed 07/12/19    Page 39 of 46 PageID #: 278    RECEIVED NYSCEF: 08/07/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.:

SIDDARTHA G. PERSAUD,

Plaintiff,

-against-

PHILADELPHIA INDEMNITY INSURANCE COMPANY

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**MULLANEY & GJELAJ, P.L.L.C.**
ATTORNEYS FOR PLAINTIFF
100-09 METROPOLITAN AVENUE
FOREST HILLS, NEW YORK 11375
TELEPHONE: (718) 821-8100

EXHIBIT K-6

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE
Tracie L. Zajac
94 Andrews Avenue
Cheektowaga, New York 14225

                    Plaintiff

vs.                                                    **SUMMONS**

Philadelphia Indemnity Insurance Company
One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004          Index No. _____
and
John Doe 1 to John Doe 10, said names being
fictitious, the persons, corporations, entities,
or parties who are necessary parties if any
within this action who are not now known but
may become known through discovery

                    Defendants
_____

To the above-named Defendants:

     **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's
attorney, at the address stated below, a written Answer to the attached Complaint.

     If this Summons is served upon you within the State of New York by personal service,
you must respond within **TWENTY (20) days after service,** not counting the day of service.  If
this Summons is not personally delivered to you within the State of New York, you must respond
within **THIRTY (30) days after service is completed**, as provided by law.

     If you do not respond to the attached Complaint within the applicable time limitation
stated above, a Judgment will be entered against you, by default, for the relief demanded in the
Complaint, without further notice to you.

     This action is brought in the County of Erie because of ( x ) Plaintiff's residence;
(    ) Plaintiff's place of business; (  ) Defendants' residence; (  ) Designation made by Plaintiff.

DATED:   West Seneca, New York              Yours, etc.
              March 1, 2019

                                   _____
                                   JAMES A. PARTACZ, ESQ.
                                   Attorney for Plaintiff
                                   Office & P.O. Address:
                                   3890 Seneca Street
                                   West Seneca, New York 14224
                                   Telephone:  (716) 674-1590

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

Tracie L. Zajac
94 Andrews Avenue
Cheektowaga, New York 14225

                Plaintiff

vs.

Philadelphia Indemnity Insurance Company
One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
and
John Doe 1 to John Doe 10, said names being
fictitious, the persons, corporations, entities,
or parties who are necessary parties if any
within this action who are not now known but
may become known through discovery

                Defendants
_____

**COMPLAINT**

Index No. _____

      The Plaintiff, Tracie L. Zajac, by and through her attorney, James A. Partacz,

Esq., as and for her Complaint against the Defendants herein alleges as follows:

      1.  That at all times hereinafter mentioned, the Plaintiff was and is a resident of

the County of Erie and State of New York.

      2.  That upon information and belief, Defendant, Philadelphia Indemnity

Insurance Company, hereinafter Philadelphia was and still is an insurance company

licensed and authorized to engage in the business of liability and casualty insurance in the

State of New York.

      3   That upon information and belief, Defendants, John Doe 1 through John Doe

10, said names being fictitious are the persons or parties intended being the persons,

parties, corporations, or entities if any who are not now known but may become known

through discovery.

.

## AS AND FOR A FIRST CAUSE OF ACTION

4.  Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 3 as if fully set forth herein.

5.  That on or about the 9th day April, 2009 at approximately 12:05 p.m., the Plaintiff, Tracie L. Zajac, was involved in a motor vehicle collision in Buffalo, New York wherein the vehicle she was operating was lawfully stopped in traffic when it was rear-ended by Michael J. Deboy causing serious and permanent injuries to the Plaintiff.

6.  As a result of the said collision, Plaintiff suffered serious injuries as defined by New York State Insurance Law Section 5102.

7.  Said injuries include without limitation injuries to the head, neck, back, left shoulder and legs including but not limited to significant cervical and lumbar spinal injuries requiring surgery.

8.  The adverse vehicle was operated by Michael J. Deboy and was covered by a policy of insurance coverage with State Farm Insurance at the time of said collision in the amount of $25,000.00.

9.  At the time of said collision, the vehicle which Plaintiff was operating was owned by Boys & Girls Club of Buffalo, Inc.  Said vehicle had in effect the policy of insurance with the Defendant, Philadelphia, Policy Number PHPK359823 containing an endorsement for supplementary uninsured/underinsured motorist coverage believed to be in the amount of One Million ($1,000,000.00) Dollars.

10.  That the Plaintiff resolved the underlying claim with State Farm Insurance with the permission and consent of Philadelphia in June, 2018 for the full amount of the applicable State Farm policy i.e. $25,000.00.

Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 44 of 46 PageID #: 283

11. The monies received from the State Farm Insurance Company policy are not sufficient to compensate the Plaintiff for her damages from the collision and as such, the Plaintiff has a claim against Defendant, Philadelphia, for supplemental uninsured/underinsured motorist coverage.

12. That upon information and belief, the said Philadelphia policy with endorsements was in full force and effect at the time of said collision and covered the Plaintiff for supplemental uninsured/underinsured motorist protection.

13. That upon information and belief, pursuant to the terms of the policy and endorsements, Defendant, Philadelphia, agreed to pay on behalf of the insured damages that the insured Plaintiff is entitled to because of the bodily injuries caused by the collision.

14. Accordingly, upon information and belief, Defendant, Philadelphia, was and is obligated to compensation the Plaintiff for her damages arising out of the said collision.

15. Defendant, Philadelphia, has been on notice of the claim herein since its onset both as a no-fault carrier and specifically for the claim of supplemental uninsured/underinsured motorist benefits since on or about December, 2009 and since that time Defendant, Philadelphia, has been provided with sufficient information upon which to evaluate the claim herein including without limitation medical records, police accident report and pleadings.

16. Despite having been provided with voluminous information upon which to evaluate the said claim, as well as sufficient time to evaluate the claim, Defendant, Philadelphia, has not compensated the Plaintiff for her damages from the said collision.

17. The Plaintiff has no adequate remedy at law and as a result, this lawsuit has been commenced.

18. That the Plaintiff has satisfied all of the conditions under the applicable policy of insurance with Defendant, Philadelphia.

19. Despite this, Defendant, Philadelphia, has failed to comply with the applicable policy of insurance and has breached the said Contract with the Plaintiff by failing to provide the Plaintiff with protection and compensation pursuant to the supplemental uninsured/underinsured motorist endorsement of the said policy, thereby causing the Plaintiff to suffer damages.

20. The limitations and liabilities set forth in Article 16 of the CPLR do not apply to this action because the Plaintiff's damages arise from the use, ownership and/or operation of a motor vehicle.

21. By reason of the foregoing, the Plaintiff has sustained damages in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction herein.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally as follows:

1. As and for the First Cause of Action, damages in excess of the jurisdictional limits of any lower Court that would otherwise have jurisdiction herein;

2. The Plaintiff seeks such other and further damages as the Court may deem just and proper together with the costs and disbursements of this action.

DATED:  West Seneca, New York
         March 1, 2019

INDEX NO. 802584/2019
RECEIVED NYSCEF: 03/01/2019

Case 1:19-cv-01301-RLM   Document 28-13   Filed 07/12/19   Page 46 of 46 PageID #: 285

Yours, etc.

JAMES A. PARTACZ, ESQ.
Attorney for Plaintiff
Office & P.O. Address:
3890 Seneca Street
West Seneca, New York 14224
Telephone: (716) 674-1590